[Crim. No. 732. First Appellate District, Division One.—February 8, 1919.]

## THE PEOPLE, Respondent, v. A. P. CARROLL, Appellant.

CRIMINAL LAW—ELECTIONS—RECALL PETITION—FALSE AFFIDAVIT CONCERNING — PENAL CODE PROVISION — APPLICABILITY TO SAN FRANCISCO.—Subdivision 1 of section 64b of the Penal Code, making it unlawful for any person circulating any petition authorized or provided by the constitution or laws of the state regulating the initiative, referendum, or recall, to misrepresent or make any false statement concerning the contents or effect of such petition, is general in its application, and applies to a recall election in the city and county of San Francisco and not exclusively to state initiative, referendum, and recall elections.

ID.—INDICTMENT FOR MAKING FALSE AFFIDAVIT—SUFFICIENCY.—An indictment for making a false affidavit under section 64b of the Penal Code is not defective for failing to allege that the defendant caused, consented or permitted the affidavit to be used or filed, where it alleges that the defendant made the false affidavit and that it was filed.

ID.—AMENDING INDICTMENT ON ITS FACE AT TRIAL.—The trial court did not err in permitting the district attorney at the beginning of the trial to amend the indictment on its face by striking out a name which had been used in one instance only, and evidently by inadvertence and typographical error, and inserting in place thereof the name of the defendant which had been used elsewhere throughout the document referring to the same person, the amendment not in any manner prejudicing the rights of the defendant, and being clearly authorized by section 1008 of the Penal Code.

JURY — EXAMINATION OF JUROR — UNPREJUDICIAL ERROR.—Where in a criminal prosecution the defendant has not exhausted his peremptory challenges, a ruling on a question to a prospective juror, even though erroneous, would not warrant a reversal of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

U'Ren & Beard, C. A. Linn and J. Early Craig for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—Defendant was charged by indictment with the violation of section 64b of the Penal Code. He was tried, convicted, and sentenced. This appeal is from the judgment and from an order denying his motion for a new trial.

The indictment in part alleges that the defendant made a false affidavit, which was attached to a section of a petition for a recall election; that the affidavit was knowingly false in averring that no person signed said section of the petition except in the presence of the deponent, and that to the best of his knowledge and belief each signature to the petition was the genuine signature of the person whose name purported to be thereunto subscribed, whereas, according to the charge of the indictment, said signatures were in fact procured, solicited by, and made in the presence of a person other than the defendant. It also alleges that the affidavit attached to said section of the recall petition was filed in the office of the registrar of voters of the city and county of San Francisco.

Section 64b declares a number of acts to be unlawful, subdivision 1 thereof making it unlawful for any person who circulates any petition authorized or provided for "by the constitution or laws of the state of California regulating the initiative, referendum or recall" to misrepresent or make any false statement concerning the contents or effect of any such petition to any person to whom it is presented for signature. Other subdivisions of the section are immaterial to the question involved in this case, but subdivision 5, upon which this indictment is based, reads as follows: "It shall be unlawful for any person to make any false affidavit concerning any petition mentioned in this section or the signature appended thereto."

We cannot agree with appellant in his contention that a reading of section 64b, and particularly of subdivision 1 thereof, shows that the legislature intended that the act should apply exclusively to state initiative, referendum and recall elections. The section is broad in its terms; and we perceive no reason for holding that it is not as general in its application as any other section of the Penal Code. Moreover, the charter of the city and county of San Francisco, under which the contemplated election was to be held, is, like section 64b of the Penal Code, a state law. In the case of

*Sheehan* v. *Acott,* 145 Cal. 684, [79 Pac. 350], it was held that a municipal charter is "a legislative act . . . and has the same effect as a law which is passed by bill under the provisions of section 15, article IV, of the state constitution." We may add that a complete answer to this contention of the appellant is found in the San Francisco charter itself, which expressly provides that "all provisions of the general laws of the state, including penal laws respecting elections . . . shall be applicable to all elections held in the city and county of San Francisco."

Appellant further contends that the indictment is defective for the reason that it nowhere appears therein that the defendant ever caused, consented, or permitted the affidavit to be used or filed. It does allege, however, that the defendant made the false affidavit and that it was filed. This, we think, was sufficient under the terms of section 64b. The distinction between this case and that of *People* v. *Robles,* 117 Cal. 681, [49 Pac. 1042], relied upon by the appellant, is this: There it was held that an indictment for perjury, charging the making of a false affidavit for the purpose of enabling a litigant to obtain a new trial, but not also alleging that the affidavit was delivered to be used, failed to state facts sufficient to constitute a public offense. That case comes under the provisions of section 124 of the Penal Code, which do not make the perjury complete until the affidavit has, with the consent of the affiant, been used or delivered to be used. Section 64b has no such requirement. It is enough that it appear—as it does in the instant case—that the affidavit was made with the intention and under the circumstances set forth in the statute.

At the beginning of the trial the court permitted the district attorney to amend the indictment on its face by striking out the name Harry Hood, and inserting in place thereof the name A. P. Carroll. In this there was no error. It is apparent that it was but the correction of a typographical error. All through the rather lengthy document the defendant was referred to by the name A. P. Carroll, except in one instance near the end thereof the name Harry Hood was used, although clearly referring to the same person who had theretofore been repeatedly called A. P. Carroll. It is quite apparent that this was an inadvertence, the correction of which did not in any manner prejudice the rights of the defendant.

The amendment was such as is clearly authorized by section 1008 of the Penal Code.

No other point made by the appellant based upon the indictment merits consideration.

Appellant also complains of a ruling of the court upon a question put to a prospective juror. While it is true that the appellant was not bound to adopt the suggestion of the trial court to learn whether or not the prospective juror entertained any bias or prejudice against him, still he was not injured by the suggestion nor prevented from learning the true condition of the juror's mind as to any matter bearing on the trial. Again, it does not appear from the record that the defendant exhausted his peremptory challenges, nor that he was required to accept an objectionable juror; hence, even if the ruling complained of be erroneous, it would not warrant the reversal of the judgment. (*People* v. *Kromphold,* 172 Cal. 512, [157 Pac. 599]; *People* v. *Shafer,* 161 Cal. 573, [119 Pac. 920].)

Judgment and order affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1919.

Angellotti, C. J., Shaw, J., Wilbur, J., Lawlor, J., and Lennon, J., being all the Justices present, concurred.