[Crim. No. 1177. Third Appellate District.—March 5, 1932.]

THE PEOPLE, Respondent, v. AMILE NAHHAS, Appellant.

George L. Klug and H. W. McGowan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of a felony, to wit, violation of section 538 of the Penal Code, in that, on or about the thirtieth day of May, 1931, in the county of Merced, the defendant executed and delivered a mortgage upon certain personal property, to wit, Caterpillar–30 tractor No. –5940, of the alleged value of more than $200, upon which property there was, at the time of the execution of the said mortgage, a prior encumbrance, and that the defendant, at the time of executing the subsequent mortgage, failed to inform the mortgagee, the person to whom the mortgage was executed, of the existing prior mortgage, and also failed to inform the owner of the prior mortgage thereof. From this conviction the defendant appeals.

When the case was called for trial, upon motion, the district attorney was allowed to amend the information by inserting the words "of the value of more than $200.00", the claim being made that this amendment was and is not allowable under the provisions of section 1008 of the Penal Code, in that it substantially changed the offense charged in the information so as to charge an offense not shown by the evidence taken at the preliminary examination.

By reason of the fact that the evidence taken at the preliminary examination is not set forth in the record, the contention that the amendment charges an offense not shown by such testimony is without merit.

The record shows that upon the application of the district attorney for permission to amend the information, the objection urged by the appellant thereto was set forth as follows: "If the court please, at this time I object to this amendment for the reason that the Penal Code of the State of California sets forth in paragraph 538 thereof what constitutes the offense, and there is absolutely no value therein stated, and so it is superfluous."

The objection was further made by the appellant that it was entirely up to the jury to find out if the property had any value. The section of the code referred to reads that a violation thereof constitutes the crime of larceny. By section 490a of the Penal Code it is provided that whenever, by any law or statute of this state, larceny, embezzlement or stealing is referred to, said law or statute shall be read and interpreted as if the word "theft" were substituted therefor, theft being divided into grand theft and petty theft, as shown by sections 486 and 487 of the Penal Code. To constitute grand theft the property in this case involved must exceed in value the sum of $200.

Upon this appeal it is contended, further, that the amendment changes the character of the offense set forth in the information. This, however, does not appear to be the case. The information specifically, without relation to the value of the property, charges the defendant with the crime of felony. In order to constitute the offense of felony, the property necessarily must have been of the value that would constitute the action of the defendant a felony in the subsequent transfer thereof. To be a felony it must have been in value over the sum of $200, and, therefore, the in-

sertion of the figures "200" did not make it any more a felony. The felony was charged by the information just as in the case of *People* v. *Olsen,* 64 Cal. App. 126 [220 Pac. 444], we held that a burglary was charged, and that the defendant was being tried for the crime of burglary, and that an amendment showing the ownership of the house that the defendant entered, did not affect the substantial rights of the defendant.

It would serve no useful purpose to cite the long list of cases holding that amendments are allowable where the substantial rights of the defendant are not affected. We may, however, refer to the following: *People* v. *Carroll,* 59 Cal. App. 654 [180 Pac. 49]; *People* v. *Clayberg,* 26 Cal. App. 614 [147 Pac. 994]; *People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968].

The subsequent mortgaging of the property was the substance of the offense. The value of the property simply went to the extent of the punishment, and being charged as a felony, the extent of the punishment was indicated, and the addition of the value by amendment to the information simply made it more certain. ▇ No demurrer was interposed by the defendant nor was any motion made to set aside the information on the ground that the defendant had not been legally committed by a magistrate, so that all questions which might have been raised by motion or demurrer must be considered as having been waived.

▇ During the course of the trial there was introduced some testimony relative to a third mortgage executed and delivered by the defendant, which had been released, and the release not filed for record. In the examination of the defendant the district attorney was permitted, over the objection of the appellant, to ask the appellant if the failure to file for record the release of the mortgage, was not for the purpose of preventing attachment by creditors. The objection to this testimony should have been sustained, but the record shows beyond any controversy that the defendant in this case executed a subsequent mortgage to C. R. Burnett to secure the payment of the sum of $1,000, without having informed him of such prior mortgage, nor was information given to either the prior mortgagee or to C. R. Burnett, as required by the code provisions. Section 538 of the Penal Code provides: "That at or before making such sale, trans-

fer or incumbrance, such mortgagor informs the person to whom such sale, transfer or incumbrance is made, of the existence of the prior mortgage, and also informs the prior mortgagee of the intended sale, transfer or incumbrance, in writing, by giving the name and place of residence of the party to whom the sale, transfer or incumbrance is made." There is nothing in the record to show that any such notice was given. In fact, we do not find that the appellant claimed that any such notice was given. All the claim there is on the part of the defendant goes to the effect that he told the prior mortgagee that he was going to make the mortgage, and that the prior mortgagee objected thereto. Our attention has not been called to any testimony indicating that C. R. Burnett was given any information either orally or in writing. The oral information, if given to the holder of the prior mortgage, would not comply with the statutes.

Whether the court erred in permitting the introduction of testimony relative to a third mortgage, need not be decided, because under the provisions of section 4½ of article VI of the Constitution we are compelled to hold that the introduction of such testimony did not result in a miscarriage of justice as excluding everything relative to the third mortgage, and also the objectionable question allowed to be propounded by the district attorney, the evidence shows beyond a shadow of a doubt, much less a reasonable doubt, that a subsequent mortgage was executed and delivered to C. R. Burnett on property exceeding in value $200, to secure the payment of the sum of $1,000, without giving notice. This being true, a further discussion of the questions raised upon appeal or citation of authorities appears to be unnecessary.

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1932.

Seawell, J., and Preston, J., dissented.