[Crim. No. 1402.   Third Appellate District.—December 26, 1934.]

THE PEOPLE, Respondent, v. CHARLES THOMPSON, Appellant.

Gilbert Moody for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant Charles Thompson, together with another, was charged by an information with the crime of burglary, the information alleging that upon a day certain defendant did then and there burglariously enter a certain basement under a particular dwelling house.

The defendant was convicted and now prosecutes this appeal upon the following grounds:

1. Error of the court in refusing to give a particular instruction.

2. Error in allowing the amendment to the information.

3. Insufficiency of the evidence, and

4. That the verdict was contrary to the evidence.

■ Defendant requested the giving of the following instruction:

"The circumstances which will amount to the degree of proof sufficient to warrant a conviction can never be previously defined. The legal test which has been applied is that the evidence, when considered as a whole, must establish the defendant's guilt so clearly and so conclusively as not to admit of any reasonable theory consistent with his innocence.

"Circumstances which are consistent with an innocent purpose cannot be said to have a tendency to connect and implicate the defendant with the commission of the offense charged."

This was refused by the court on the ground that the principles therein contained were already covered by the instructions given. This we believe is correct. The court gave the following instruction which seems to adequately care for the situation pointed out by appellant in his proposed instruction.

"In a criminal case, the jury should not find the defendant guilty of any offense unless his guilt is established by the evidence to a moral certainty and beyond all reasonable doubt, and the burden is on the prosecution to establish such guilt.

"The law presumes every man innocent until his guilt is established to a moral certainty and beyond all reasonable doubt, and this presumption attaches at every stage of the case, and to every fact essential to a conviction.

"Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty of the truth of the charge.'

"While presumptions of law, independent of evidence, are in favor of innocence, and every man is presumed to be innocent until proven guilty, yet, if the evidence establishes the truth of the charge to a reasonable and moral certainty, a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are to act conscientiously upon it, it is your duty to find the defendant guilty. The law does not require demonstration or that degree of proof which excludes all possibility of error and produces absolute certainty. Such proof is rarely available. Moral certainty only is required or that degree of proof which produces conviction in an unprejudiced mind.

"The term 'reasonable doubt', as used in these instructions, means a doubt which has some good reason for its existence, arising out of evidence in the case; such doubt as you are able to find a reason for in the evidence. As applied to the evidence in criminal cases, it means an actual and substantial doubt growing out of the unsatisfactory nature of the evidence in the case. It does not mean a doubt which arises from some mere whim or vagary or from any groundless surmise, suspicion or guess."

The instruction given contains the definition of a reasonable doubt as defined by section 1096 of the Penal Code, and section 1096 (a) of that code provides that if the definition

of reasonable doubt is given in the language of the code, no further instruction on that subject need be given.

■ At the conclusion of the evidence and just prior to the closing argument of the district attorney, the prosecution moved to amend the information by substituting "garage located upon the premises" in place of "basement under the dwelling house". The motion was granted over the objection of defendant.

The allowance of this amendment is cited as error but in this we cannot agree with appellant. Section 1008 authorizes the court to amend an indictment or information for any defect or insufficiency at any stage of the proceedings and provides that a reasonable continuance may be granted if the substantial rights of the defendant would be affected thereby.

Section 956 of the Penal Code also provides that "when an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, *or of the place where the offense was committed,* or of the property involved in its commission, is not material".

In view of the fact that no request for a continuance was made we may assume defendant did not consider any of his substantial rights were prejudiced by the amendment, and also by the fact that as none of the evidence bearing upon the actual point of entry, taken at the preliminary examination, was produced before us, we must assume that the amendment does not change the offense from that shown at such preliminary examination. (*People* v. *Johnston,* 114 Cal. App. 241 [299 Pac. 805]; *People* v. *Nahhas,* 121 Cal. App. 428 [9 Pac. (2d) 278].) In the absence of such record this court must indulge all presumptions in favor of the judgment. (*People* v. *Seitz,* 100 Cal. App. 113 [279 Pac. 1070].)

The transcript reveals that the complaining witness testified the motor, which was the subject of the larceny, was either in the basement of his house, the only entrance to which was by an outside cellar door, or was in the garage located about ten or twelve feet from his house on the same premises. The particular place is not an element in the crime of burglary, but is for identification of the act only

to protect the accused from being twice tried for the same offense. In the instant case the information is entirely sufficient to protect defendant from a subsequent conviction for the offense described therein.

Appellant next contends the evidence is insufficient to support the verdict of guilt against appellant, and particularly that there is nothing to show appellant entered the premises with a criminal intent. The testimony reveals that appellant and one Louis Reynolds engaged a taxicab one evening about 8 o'clock, and together proceeded to the house of the complaining witness, a brother of Louis Reynolds. There, without permission, the two entered the basement and garage in search of the motor, and appellant finding the motor in the garage, placed it in the taxicab, and then together they drove out into the country about two miles, where the motor was concealed under some bushes. That night appellant returned alone to the spot where the motor was hidden and moved the same to another hiding place. The following morning the two principals, with the same taxicab driver, returned to the place where the motor had been concealed, and drove to Stockton where the motor was sold and the profits divided.

The fact that they went in the evening after dark, drove into an alley and turned off the lights and motor of the taxicab, that the motor was taken into the country and hidden and then taken to Stockton and sold at a price considerably below its actual value, was all evidence that the jury could consider in determining whether appellant entered with a criminal intent. The intent with which an act is committed is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. (Sec. 21, Pen. Code.)

The complaining witness testified that he gave no one permission to take the motor, and the police officer testified defendant told him that he got some of the proceeds from the sale thereof.

We are of the opinion that the judgment of conviction should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.