[Crim. No. 3949.   Second Dist., Div. Two.   Mar. 8, 1946.]

THE PEOPLE, Respondent, v. ARTHUR ZORAB KEOSABABIAN, Appellant.

A. M. Astor for Appellant.

Robert W. Kenny, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of robbery in the first degree after trial by jury, defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 et seq. [108 P.2d 732], the essential facts are:

On March 29, 1945, at about 5 p. m., the complaining witness, Mr. John L. Bath, was employed as a service station operator at a station located on East Firestone Boulevard in the county of Los Angeles. Mr. Bath heard a noise and as he turned around Howard Bernard pointed a .45 calibre automatic gun at him and demanded the keys to the safe. He replied that he did not have them; whereupon Mr. Bernard directed defendant who accompanied him to get the keys, and open the cash register. As soon as this had been done, defendant removed money from the cash register and asked his companion if they were going to tie Mr. Bath up. After

Mr. Bernard had replied in the negative defendant struck Mr. Bath under the heart with his fist. They thereupon locked Mr. Bath in a restroom. In addition to the money taken from the cash register defendant and his companion took $47 from Mr. Bath, $30 of which belonged to the latter's employer.

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

■ First: *There is not any substantial evidence to sustain the finding of the jury that defendant was (1) a participant in the crime and (2) present when the felony was perpetrated.*

This proposition is untenable. An examination of the record discloses substantial evidence together with inferences which the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment was necessarily predicated, including the identity of the defendant as being a participant in the crime of which he was convicted. For example:

(1 & 2) Mr. Bath testified that defendant was the man who participated in the robbery. The fact that his testimony was contradicted by other witnesses who attempted to establish an alibi for defendant, and that on cross-examination Mr. Bath stated that he was basing his identification of defendant solely upon the portion of defendant's face which was exposed to his view, merely created a conflict in the testimony. The resolution of this conflict was for the trier of fact whose determination based on substantial evidence, as in the instant case, is binding upon this court. (See *People* v. *Pianezzi, supra,* 269.)

■ Second: *The district attorney committed prejudicial error in asking the defendant, on cross-examination, whether he had been previously convicted of felonies.*

This proposition is also untenable. On cross-examination of defendant, who took the witness stand in his own defense, the deputy district attorney asked him if he had not been previously convicted of burglary and attempted robbery. To the first question defendant answered, "Yes," and to the second question, "No." Thereupon the deputy district attorney asked defendant's counsel if he would stipulate that defendant had previously pleaded guilty to two counts of burglary, and one count of attempted robbery, to which defendant's counsel replied, "Yes." Clearly such testimony was admissible and did not constitute misconduct upon the part of the deputy district attorney.

The law is established in this state that when a defendant who is being prosecuted for having committed a felony, voluntarily takes the witness stand, the prosecution may on cross-examination by way of impeachment elicit from him the fact that he has been previously convicted of a felony; and the nature of the crime of which he was convicted is a proper subject of inquiry. (*People* v. *Romer,* 218 Cal. 449, 452 [23 P.2d 749]; *People* v. *Craig,* 196 Cal. 19, 28 [235 P. 721].)

Third: *The trial judge committed prejudicial error in (1) having the court reporter read the testimony of the complaining witness to the jury before they retired to deliberate, and (2) making the following comments after Mr. Bath's testimony had been read to the jury:*

"The Court: *I have had that done because I want the jury to understand what he said about the mouth of the man resembling the mouth of the defendant. You will also remember the testimony that the only portion of the face that was hidden, was from the eyebrows to the middle of the nose. That was brought out by a question of my own. You have the defendant here before you. Take a look at him and satisfy yourselves if a person could be recognized from that or not.*"

This proposition is likewise untenable.

(1) It is proper for the trial judge to have the testimony of a witness read to the jury before they retire for their deliberation. (*People* v. *Doyell,* 48 Cal. 85, 91; *People* v. *Perry,* 65 Cal. 568, 569 [4 P. 572].)

(2) After the trial judge had made the comments set forth above defendant's counsel said: "In that connection we offer to demonstrate that with the defendant himself." Whereupon the defendant exhibited himself before the jury with dark glasses and his hat on. The trial court's comments after the complaining witness's testimony had been read to the jury was proper and authorized by the provisions of article VI, section 19 of the Constitution of the State of California as amended November 6, 1934. Such provision, among other things, authorizes the trial judge to make such comments on the evidence, the testimony and credibility of any witness as in his opinion is necessary for the proper determination of the case. It is to be noted that defendant through his counsel acquiesced in the remarks of the trial judge by offering to produce the defendant for a view before the jury. By such acquiescence in the trial judge's comments defen-

dant waived any possible objection to the procedure which had been followed.

Such cases as *People* v. *Talkington,* 8 Cal.App.2d 75 [47 P.2d 368]; *People* v. *DeMoss,* 4 Cal.2d 469 [50 P.2d 1031]; *People* v. *Dail,* 22 Cal.2d 642 [140 P.2d 828]; *People* v. *Ottey,* 5 Cal.2d 714 [56 P.2d 193]; *People* v. *Lynch,* 60 Cal.App.2d 133 [140 P.2d 418], and *People* v. *Mason,* 72 Cal.App.2d 699 [165 P.2d 481], are each factually distinguishable from the instant case. In each of the cases just cited the trial judge by his comments abused the discretion vested in him by article VI, section 19 of the Constitution by either withdrawing from the consideration of the jury material evidence or failing to fairly state the evidence to the jury. In the instant case the trial judge merely submitted the evidence to the jury and pointed out to it the questions presented for their determination leaving expressly to the jury the decision to be reached from the evidence which had been introduced at the trial.

For the foregoing reasons and since no errors appear in the record the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.