[Crim. No. 4295.   Second Dist., Div. Two.   July 8, 1949.]

THE PEOPLE, Respondent, v. MORRIS SAMUEL O'BRAND et al., Appellants.

Morris Samuel O'Brand and Harry Beck, in pro. per., for Appellants.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been convicted of attempted burglary in the second degree defendants have assigned five errors as grounds for reversal of the judgment.

■ They contend that their cause was prejudiced by the court's allowing "evidence of narcotics to be introduced." The fact that such proof might have been prejudicial is not a ground for exclusion. The objection to it was made in the course of the testimony of a police officer who was detailing the conversation had between the narcotic inspector and appellant Beck. After the latter had answered that he was not using narcotics, in response to other questions, he stated that O'Brand had sent him money to buy some opium from a Mexican; that he had received the money and attempted to make the purchase. There was no error in the court's ruling. The object of the attempted burglary was a drugstore in which there was a stock of narcotics consisting chiefly of opium derivatives. Also, in the room of O'Brand there was found a bottle of theominal, an eye dropper and other articles commonly possessed by the users of narcotics. Therefore, proof of O'Brand's desire for narcotics was competent to establish motive for attempting to burglarize the drugstore. ■ While the general rule forbids the admission of evidence of other crimes and degrading practices unrelated to any issue on trial, it is the settled law that where such proof is relevant to an issue in the case on trial, it is admissible notwithstanding it tends to show immoral conduct or other crimes. The law will not permit justice to be defeated by rejecting evidence simply because it involves other crimes or gross immorality. (*People* v. *Zatzke*, 33 Cal.2d 480, 484 [202 P.2d 1009]; *People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].) ■ Proof of motive will not be excluded merely because it may be prejudicial to the accused if it is relevant and material. (*People* v. *Weatherford*, 78 Cal.App.2d 669, 687 [178 P.2d 816]; *People* v. *Hall*, 27 Cal.App.2d 440, 444 [81 P.2d 248].)

■ Appellants assign as prejudicial the argument made by the prosecutor to the jury in reciting that the narcotic inspector had found discarded substances in the room of appellant O'Brand and that since Beck had brought a narcotic from Los Angeles, the logical place for them to attempt to get

other narcotics was in the drugstore which they attempted to burglarize. In the first place, no objection was interposed at the time of the argument; neither motion to strike the statement nor request for the jury to be directed to disregard it was made. Under such circumstances any objection appellants had must be deemed to have been waived. (*People* v. *Ash,* 88 Cal.App.2d 819, 828 [199 P.2d 711]; *People* v. *Goldstein,* 84 Cal.App.2d 581, 588 [191 P.2d 102].) Moreover, the language of the prosecutor was not such as was calculated to incite prejudice in the hearts of the jury. They were not referred to as addicts or in any other derogatory sense. The prosecutor merely stated evidence from which an inference might reasonably have been drawn that appellants attempted to burglarize the drugstore to obtain narcotics. (*People* v. *Montgomery,* 47 Cal.App.2d 1, 20 [117 P.2d 437]; *People* v. *Ash, supra.*)

Appellants deem themselves to be aggrieved by the court's admitting evidence of Beck's prior conviction for violating section 146 of the Motor Vehicle Act. (See Stats. 1923, p. 564.) Aside from the fact that the information did not accuse him of a prior conviction, the only other basis asserted for such contention is that since a conviction for this crime could have been punished by imprisonment either in the county jail or in the state prison it was incumbent upon the prosecution to follow up the proof of conviction with evidence that Beck had served a term in the state prison in expiation of his crime. The answer to such argument is that when a person who is on trial for having committed a felony testifies in his own defense the prosecution may for the purpose of impeachment elicit from him the fact that he has been previously convicted of a felony and the nature of his crime. (*People* v. *Romer,* 218 Cal. 449, 452 [23 P.2d 749]; *People* v. *Keosababian,* 73 Cal.App.2d 476, 479 [166 P.2d 619]; *People* v. *Dutton,* 41 Cal.App.2d 866, 871 [107 P.2d 937].) After Beck had denied a prior conviction for a felony his attention was directed to a particular conviction in 1925 and his counsel was directed to section 1203.4 of the Penal Code which permits a probationer to be released from all penalties and disabilities resulting from his crime. While appellants make no point out of the provision of the last cited section, they contend that instead of inquiring of Beck whether he had been convicted of a felony he was improperly asked whether he had been convicted of violating section 146: stealing an automobile without the owner's consent, and that as a result of his affirmative

answer both suffered prejudice before the jury. There was no error in the court's ruling. ■ The accused may be impeached by showing his conviction of a felony even though thereafter he obtains a dismissal of the action under section 1203.4. All penalties and disabilities flowing from a conviction of a felony and which had been abrogated by the statute of 1923, *supra*, were reinstated by the amendment of 1927. (Stats. 1927, ch. 770, pp. 1493-1496; *People* v. *James*, 40 Cal. App.2d 740, 747 [105 P.2d 947].)

■ The contention that Beck's conviction in 1925 might have been a misdemeanor is answered by section 153, Motor Vehicle Act (Stats. 1923, p. 565) which provides that a person convicted of violating section 146 shall be deemed guilty of a misdemeanor "unless his conviction is for an offense which this act or other law of this state declares to be a felony." Where a person is shown to have been convicted of a crime which was in fact a felony, it remains a felony until its status is changed by a judgment imposing punishment other than confinement in a state prison. Therefore, his conviction of a crime designated as a felony can be shown to impeach the accused without proving that he has been sentenced to the state prison. (*People* v. *Williams*, 27 Cal.2d 220, 228 [163 P.2d 692]; *In re Miller*, 218 Cal. 698, 701 [24 P.2d 766]; *People* v. *Ford*, 81 Cal.App.2d 580, 583 [184 P.2d 524].)

■ Appellants contend that the court misdirected the jury and deprecated the value of written instructions ordered by the appellate courts. The language of the court referred to will be found on the margin hereof[1] and should not have been employed. No objection was made to the remarks; neither was there a motion to strike nor request made for an admonition to the jury to disregard them. Such failure constituted a waiver of objections by appellants and they may not now be heard to complain. (*People* v. *Jefferson*, 84 Cal.App.2d

---

[1] "'May I say this parenthetically: That I personally somewhat disagree with the theory of instructing the jury from written instructions; it is difficult enough for a person who is trained in the law or with the law to understand instructions, at the same time we expect a jury of 12 lay persons who have no law training and most of you without any previous experience, to understand these instructions that are read to you with varying tones and varying emphasis. For that reason I am merely saying this: that if any instruction that I read to you is not intelligible or you do not understand it, you raise your hand and I will read it again; though it would be much better if you—my own personal feeling is that it would be much more understandable if the instructions were given orally, but the Appellate Courts of this state frown upon that. Let me repeat: If any instruction I read to you is not intelligible you may interrupt me and I will read it again.'"

709, 714 [191 P.2d 487]; *People* v. *Horowitz,* 70 Cal.App.2d 675, 695 [161 P.2d 833].) The remarks of the court although erroneous could have had no effect other than to incite more careful attention by the jury to the written instructions which were to follow.

Appellants contend that they were prejudiced by the following instruction: ''The word 'wilfully' when applied to the intent with which an act is done or omitted and as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate law, or to injure another, or to acquire any advantage.'' They argue that it nullified all other instructions pertaining to ''*wilfull* conduct and that it told the jury they could find defendants guilty even though the defendants had no intent to violate the law.'' Such argument ignores the three instructions which contain the following: ''The essence of burglary is entering a shop, store or other building with such specific intent . . . the act must be accompanied by a specific or particular intent without which such crime may not be committed . . . in the crime of attempted burglary the necessary element is the existence in the mind of the perpetrator of the specific intent.''

In no case has it been held that defining ''wilfully'' in the language of the Penal Code is prejudicial error. (Pen. Code, § 7, subd. 1; *People* v. *Kearney,* 20 Cal.2d 435, 439 [126 P.2d 612]; *People* v. *Flores,* 62 Cal.App.2d 700, 705 [145 P.2d 318]; *People* v. *Saunders,* 61 Cal.App. 341, 344 [215 P. 120].) The authorities cited by appellants (*People* v. *Mize,* 80 Cal. 41 [22 P. 80] and *People* v. *Snyder,* 15 Cal.2d 706 [104 P.2d 639]) are not in point. Both involved an instruction in a case of attempted murder. In attempting to commit that crime a person is presumed to intend to do that which he voluntarily and wilfully does. He is presumed to intend the natural consequences of his acts. After a killing has been proved, the burden shifts to the defendant to justify, excuse or mitigate it. In the Mize and Snyder cases there was no argument that defendant did not strike the victim. In the case at bar the sole undisputed issue was whether appellants did attempt to burglarize the drugstore named in the information.

Appellants in effect assert that their conviction resulted from their being deprived of a fair and impartial trial in violation of the due process clause of the Fourteenth Amend-

ment, since they presented proof of a conclusive alibi. The connection of the alibi with the violation of the Fourteenth Amendment is not clearly stated. They do, however, recite that after two hours and 13 minutes had elapsed after the jury had retired to deliberate, they returned and asked the court whether they "should consider any testimony regarding narcotics" and the court had replied that they might "consider the testimony regarding narcotics, but only for the purpose of motive in connection with the attempted burglary." They returned within about 30 minutes with a verdict of guilty. Such a speedy decision by the jury, assert appellants, is the result of "the atomic prejudicial effect of the improper introduction of the question of narcotics." They conclude their argument on their fifth point by the declaration that when a defendant has "presented a conclusive alibi and the prosecution depended upon prejudicial matters to secure the conviction, the judgment will be reversed on appeal." But the jury determined that the alibi was not conclusive.

Finally, appellants assign as prejudicial error the court's failure to instruct the jury that the oral admissions of defendant Beck should be viewed with caution, citing *People* v. *Bemis,* 33 Cal.2d 395, 398 [202 P.2d 82]. In the case of Bemis, his admissions were the only evidence of his guilt, whereas in the instant case the only purpose in proving Beck's admissions was to establish motive. There was other evidence of his participation in the crime. Even though a cautionary instruction had been given, it is improbable that the jury would have reached a different verdict. (*People* v. *Koenig,* 29 Cal.2d 87, 94 [173 P.2d 1].) The instruction on narcotics requires no additional discussion. The question whether an alibi was established is, like any other factual issue, solely for the jury's determination. (*People* v. *Ash,* 88 Cal.App. 2d 819, 826 [199 P.2d 711]; *People* v. *D'Elia,* 73 Cal.App.2d 764, 767 [167 P.2d 253].) There was no denial of due process of law or of any other right by the jury's rejection of the evidence of an alibi offered by appellants.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 4, 1949.