[Crim. No. 3494. First Dist., Div. Two. Apr. 20, 1959.]

THE PEOPLE, Respondent, v. VERNON ROBERT COPELAND, Appellant.

*Assigned by Chairman of Judicial Council.

William P. Callahan, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment entered on a jury verdict finding him guilty on seven counts of forging a prescription for a narcotic (Health & Saf. Code, § 11715), as charged in two informations consolidated for trial. On appeal it is argued that the prosecution introduced irrelevant evidence of a highly prejudicial nature, and that the defendant's rights under section 1025 of the Penal Code had also been violated.

The evidence presented against the defendant is as follows: Five doctors testified that they had not written the seven narcotic prescriptions bearing their signatures, and introduced as People's Exhibits 1-7. These seven prescriptions had been presented to three pharmacists in Santa Clara County. One of these, Mr. Fanelli, identified the defendant as the person who presented three prescriptions on May 18, May 22 and May 23, 1957. On May 23, Mr. Fanelli became suspicious and took down the license number of the defendant's car. A second pharmacist, Roy Barthold, testified that People's Exhibit 3 had been presented to him on June 8, 1957, but was not sure that the defendant was the person who presented that prescription. The third pharmacist, Robert Piatt, testified that People's Exhibits 5, 6, and 7, were presented to him by the defendant on June 18, June 28, and August 27, 1957. On August 27, he became suspicious and called the police who came and arrested the defendant. After the arrest, the

police obtained a search warrant for the person and automobile of the defendant and his home at 1295 Jackson Street, Santa Clara. In the pocket of a jacket hanging in the garage at this address, the police found a kit containing narcotic paraphernalia. They also found a packet of hypodermic needles in the defendant's bedroom at the same address. Inspector Rice, over defendant's objection, testified as to the contents and use of the kit and needles. The admission of this testimony constitutes the first of defendant's two grounds for appeal.

Defendant, citing *People* v. *O'Brand*, 92 Cal.App.2d 752 [207 P.2d 1083], argues that this testimony was irrelevant and highly prejudicial as he was being tried for forging a prescription, not for addiction. In the case cited, the defendants were convicted of attempted burglary of a drugstore. It was held that proof of their desire for narcotics was competent to establish motive for attempting to burglarize the drugstore. ██ The court said at page 754: ". . . While the general rule forbids the admission of evidence of other crimes and degrading practices unrelated to any issue on trial, it is the settled law that where such proof is relevant to an issue in the case on trial, it is admissible notwithstanding it tends to show immoral conduct or other crimes. The law will not permit justice to be defeated by rejecting evidence simply because it involves other crimes or gross immorality. (*People* v. *Zatzke*, 33 Cal.2d 480, 484 [202 P.2d 1009]; *People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].) ██ Proof of motive will not be excluded merely because it may be prejudicial to the accused if it is relevant and material. (*People* v. *Weatherford*, 78 Cal.App.2d 669, 687 [178 P.2d 816]; *People* v. *Hall*, 27 Cal.App.2d 440, 444 [81 P.2d 248].)"

██ Similarly, in this case, the testimony objected to was relevant to establish the defendant's motive for forging the prescriptions. Furthermore, when the defendant took the witness stand, he admitted he had been addicted to narcotics for several years, and had presented the forged prescriptions to Mr. Fanelli and Mr. Piatt. There was thus overwhelming and uncontradicted evidence of the defendant's guilt. Under these circumstances, the testimony complained of was neither irrelevant nor prejudicial. (*People* v. *Wooten*, 162 Cal.App. 2d 804, 815-816 [328 P.2d 817].)

██ Penal Code, section 1025, provides that if a prior conviction is admitted by the defendant, it may not be alluded to or referred to at the trial. (See also *People* v. *Hudgins*,

59 Cal.App.2d 175 [138 P.2d 311].) The defendant here admitted the two prior convictions charged, second degree burglary in 1949 and violation of Health and Safety Code, section 11715, in 1950. Over defendant's objections, Inspector House of the State Narcotics Bureau identified the defendant as the person who had signed certain documents (also prescriptions) in Tracy, California in 1949, and testified that since that time these documents had been in the defendant's case file in the State Narcotics Bureau Office in Sacramento. Three sheets of paper bearing the defendant's signature were introduced. Attached to the sheets was a picture of the defendant. W. R. Gadsby, a detective with the San Jose Police Department, testified that in 1950 the defendant had signed two sheets of paper in his presence and that of another police officer. However, these documents were not received in evidence. The signatures were cut off and admitted over defendant's objection as People's Exhibit 13. The People's handwriting expert first testified that he could not come to any conclusion after comparing Exhibits 1-7 with 12 and 13, but later testified that all of the documents were written by the same person.

Defendant argues that by the admission of People's Exhibit 12, which were prescriptions, and the testimony relating thereto, the prosecution, in violation of Penal Code, section 1025, demonstrated to the jury that the defendant had been previously convicted of forging narcotic prescriptions; and that by the admission of People's Exhibit 13 and the testimony of Officer Gadsby, the prosecution alluded to defendant's prior burglary conviction in violation of Penal Code, section 1025.

If the evidence is material and relevant in the proof of the crimes charged, it is well settled that Penal Code, section 1025, does not bar its admission, even though it may incidentally disclose the commission of another crime. (*People* v. *Peete*, 28 Cal.2d 306, 319-320 [169 P.2d 924]; *People* v. *Castellanos*, 157 Cal.App.2d 36, 39 [320 P.2d 152]; *People* v. *Murray*, 42 Cal.App.2d 209, 216 [108 P.2d 748]; *People* v. *Mullaly*, 77 Cal.App. 60, 64 [245 P. 811]; 18 Cal.Jur.2d Evidence, § 137, pp. 585-586.) Since appellant denied signing the prescriptions, the materiality and relevancy of signatures admittedly in his handwriting for comparison with those on the prescriptions which were the basis of the charges against him, is patent.

We conclude that the judgment finds ample support in the record before us.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.