[Crim. No. 3685. First Dist., Div. One. May 25, 1960.]

THE PEOPLE, Respondent, v. LENTONARD F. McCOY, Appellant.

C. Fitzgerald Eschwig, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Preble Stolz, Deputy Attorney General, for Respondent.

DUNIWAY, J.—Appeal from the judgment of conviction and from an order denying motion for a new trial. At the trial, appellant was represented by the public defender; he is represented on this appeal by court-appointed counsel. We find no error.

Appellant was convicted on two counts of violation of Penal Code, section 217, assault with a deadly weapon with intent to commit murder. ▮▮ It is contended, *inter alia,* that there was insufficient evidence to support a finding that he had a present ability to inflict the intended harm. We therefore briefly state the facts bearing on this issue, as revealed by the transcript.

Following a hit-run accident, in which appellant was the hit-run driver, appellant temporarily abandoned the car that he was driving. A police officer (Simmons) was supervising the towing away of the car, and had left sitting in his patrol car one Watkins, a witness to the accident who had pursued appellant and notified the police. Appellant approached Watkins and offered him $50 to tell the police that appellant's car had been in its then location since some time before the accident. Watkins refused, and appellant threatened to kill him.

After Simmons returned to the police car, he asked appellant's name, checked it with headquarters by radio, and told appellant to get in the back seat of the patrol car. Appellant refused. The officer then reached for his radio, when appellant jumped him. Appellant got the officer's gun, knocked the officer to the floor of the car and, with his hand on the stock and his finger on the trigger, announced to Watkins, "I will kill both of you." He made a motion indicating an attempt to fire the gun, which was fully loaded. Watkins grabbed the gun, and a fierce struggle ensued, during which Watkins was severely bitten by appellant on the arm and thumb, once obtained possession of the gun, lost it to appellant, again regained possession, and finally subdued appellant. After being handcuffed, appellant said to Watkins, "You'se one nigger I'm going to kill." The testimony of Watkins indicated that on two different occasions during the fracas

appellant secured exclusive possession of the fully loaded revolver, and that during most of the struggle between appellant and Watkins appellant had control of the weapon and was prevented from using it only by Watkins' determined interference. There can be no dispute that the evidence was sufficient to show that appellant held in his hand the means of committing the murders which the jury found he intended, and Watkins' intervention to avert tragedy cannot efface this fact. (*People* v. *Piercy* (1911), 16 Cal.App. 13 [116 P. 322].)

Appellant's next point is that he was charged in the information and held to answer on a complaint in the municipal court on a charge of violation of section 245 of the Penal Code, and that thereafter the district attorney illegally charged him in the information filed in this action with violation of section 217 of the Penal Code, upon which charge he was tried in this case, citing *People* v. *Seitz*, 100 Cal.App. 113 [279 P. 1070] ; [miscited as Cal.] and *People* v. *Nahhas*, 121 Cal.App. 428 [9 P.2d 278] [miscited as *People* v. *Mahas*, 121 Cal. 128].

Counsel's contention is difficult to decipher. Since the cases which he almost cites deal with unsuccessful attempts to secure a reversal of a conviction on appeal on the ground of claimed improper amendments of the information charging the crimes, it would appear that he is asserting, not that two informations were filed at the same time for the same act, one without benefit of a preliminary examination, but that the district attorney impermissibly amended the information to change the offense charged from assault with a deadly weapon (Pen. Code, § 245) to assault with a deadly weapon with intent to commit murder (Pen. Code, § 217.) Whatever counsel's point is, it has absolutely no support in the record.

The clerk's transcript indicates that only one information was filed in this action, and in that information appellant was charged with the two violations of section 217 of which he now stands convicted. Apparently the sole reason for counsel's raising this issue is an indication in the testimony at the trial that after his arrest appellant was booked for investigation of assault with a deadly weapon and hit-run driving (Veh. Code, § 20007, former § 483).

An information may be amended by the district attorney without leave of the court at any time before the defendant pleads or a demurrer to the original information is

sustained, so as to charge any offense shown to have been committed by the evidence taken at the preliminary examination. (Pen. Code, § 1009.) The record before us is silent as to the preliminary examination. The very cases which counsel apparently cites declare the rule that this court, failing a record which discloses the contrary, will indulge all presumptions in favor of the judgment, and will presume that the evidence presented at the preliminary examination was sufficient to support the newly charged offense. (*People* v. *Seitz, supra,* 100 Cal.App. 113, 116; *People* v. *Nahhas, supra,* 121 Cal.App. 428, 430; *People* v. *Walker,* 170 Cal.App.2d 159, 163 [338 P.2d 536]; *People* v. *Thompson,* 3 Cal.App.2d 359, 362 [39 P.2d 425].) Finally, there being no indication that appellant moved the court below, properly or otherwise, to set aside the information, he is precluded from raising the objection at this time. (Pen. Code, §§ 995, 996; *People* v. *Ahern,* 113 Cal.App.2d 746, 750 [249 P.2d 63]; *People* v. *Rankin,* 169 Cal.App.2d 150, 164 [337 P.2d 182]; *People* v. *Sierra,* 117 Cal.App.2d 649, 651-652 [256 P.2d 577].)

It is claimed that the court committed prejudicial error in failing to instruct the jury, on its own motion, to disregard certain testimony offered by the district attorney to which objections were made and sustained. No references are given to the record. But in any event, the court did instruct the jury to disregard ''the offer of any evidence which has not been admitted by the Court.''

 It is claimed that prejudicial error was committed by the district attorney in his argument to the jury. No instances are cited, and no objection was made at the time. The point is without merit (*People* v. *Hardenbrook,* 48 Cal.2d 345, 354 [309 P.2d 424]).

 The suggestion is made that the court should, on its own motion, have given an instruction stating the definitions of ''confession'' and ''admission.'' Again, there is no reference to the record, and no citation of authority. The reference is apparently to a statement given by appellant to the police on the evening of the occurrence. This went into evidence without objection, and was heavily relied on by defendant's then counsel in his argument to the jury. Before instructing the jury, the court told both counsel: ''I have discussed with both of you the fact that I do not think that there is any necessity of giving any instruction . . . referring to the written statement either as a confession or admission for the reason that that part of the written statement which has to do with the initial

action is, so to speak, substantially the same as the defendant testified to on the witness stand. . . . In neither instance, neither in the statement nor on the witness stand, did the defendant confess to assault with a deadly weapon or to assault with a deadly weapon with intent to commit murder. I think it would only confuse the matter . . . if I attempted to say anything about confession, and furthermore, the prime purpose of admitting the statement or offering it by the prosecution was to prove that the defendant was in full possession of all his mental faculties and was aware of all the details of what transpired during the time in question. I want the record to show that, and that neither side has requested any instructions on that matter, either orally or in writing." In this statement, counsel acquiesced.

We have read the entire record and find it remarkably free from error.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.