[Crim. No. 2766. Fourth Dist., Div. Two. Dec. 8, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JACK HENRY BARTLETT et al., Defendants and Appellants.

Donald W. Jordan, Jr., and Edison P. McDaniels, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard H. Cooper, Deputy Attorney General, for Plaintiff and Respondent.

TAMURA, J.—Following a jury trial defendants were found guilty of second degree burglary, denied probation and sentenced to state prison. They appeal from the judgments of conviction.

Defendants contend that the judgments should be reversed

because (1) the offense for which they were convicted was not included in the commitment order holding them to answer; (2) evidence of other offenses was erroneously received; (3) prejudicial evidence tending to show that defendants· were narcotic addicts was improperly received.

Following a preliminary examination defendants were held to answer on a criminal complaint charging two counts of burglary, one occurring on November 2, 1965, involving a service station owned by Frank Valenti and the other occurring on June 23, 1965, involving a garage owned by Frank Paz. The information filed by the district attorney charged defendants not only with the two counts on which they had been committed but an added count of burglary allegedly committed on November 2, 1965, involving the garage owned by Frank Paz.

On a motion under section 995 of the Penal Code, the two counts on which defendants were originally held to answer were dismissed for lack of evidence of probable cause. Defendants thereafter sought a writ of prohibition from this court to restrain the trial court from proceeding further on the remaining count on the ground that there was neither evidence of corpus delicti nor probable cause. The writ was denied (4th Civil 8385, August 23, 1966) and defendants were tried and convicted on the remaining count.

The evidence may be summarized as follows: On November 2, 1965, between 1 and 2 p.m. defendants and a third person riding in an old car drove inside a garage owned by Frank Paz. The three got out of the vehicle and defendant. Bartlett asked Mr. Paz to check a noise in the drive shaft. The telephone rang so Mr. Paz went to the doorway of his office to answer it. Defendant Bartlett stood in front of Mr. Paz while the latter answered the phone and the other two remained in an area between the vehicle and a cabinet in which spark plugs were stored. When Paz hung up the phone and turned around the three walked to the vehicle, got in and drove out of the rear exit. Immediately following their departure, Paz noted that approximately five boxes of spark plugs (each box containing six plugs) were missing from the cabinet. The supplier had filled the cabinet the previous day. About two hours before defendants entered the garage, Mr. Paz had performed a tune-up on a car and had removed a box of plugs from the cabinet. He noted that it was full. except for the box he removed. In the interim no one other than Paz was near the cabinet and only he and his partner had been in the garage.

Mr. Paz had seen defendants at the garage on two prior occasions, once in June and once in July or August of 1965.

Over defendants' objections evidence of two other incidents was received—one occurring on October 24, 1965, involving a service station in Covina and the other on November 2, 1965, involving a station in Glendale. The evidence showed that in both instances after a visitation by defendants the spark plug supply maintained by the stations was missing. When defendants were arrested on November 6 in Glendale, the arresting officer found a carton in defendant's vehicle containing boxes of spark plugs which boxes were identified as being from the Glendale service station.

An officer of the Glendale Police Department was permitted to testify, over defendants' objections, that at the time of their arrest on November 6, defendants were under the influence of narcotics. He based his opinion on the condition of their eyes, their speech, and the fact that both had puncture marks on the inside of their elbows. From observing defendants' behavior during later interviews, the officer expressed the opinion that the two were undergoing heavy withdrawal symptoms. He was permitted to testify that in his opinion defendants had been heavy narcotic users for at least two months, that they would have required a gram of heroin a day to maintain their habit, and that a gram of heroin would cost from $25 to $50.

Defendants did not take the stand or offer any evidence in defense.

Defendants contend that the court lacked jurisdiction to try them for the offense for which they were convicted because it was not designated in the commitment order.

Section 739 of the Penal Code authorizes the district attorney to file an information charging a defendant with the offense or offenses designated in the commitment order ''or any offense or offenses shown by the evidence taken before the magistrate to have been committed. . . .'' Although literally the section would appear to permit it, it has been held that it does not authorize the inclusion of *any offense* disclosed by the evidence adduced at the preliminary examination. (See *People* v. *Downer,* 57 Cal.2d 800 [22 Cal.Rptr. 347, 372 P.2d 107]; *People* v. *Saldana,* 233 Cal.App.2d 24 [43 Cal.Rptr. 312]; *Mulkey* v. *Superior Court,* 220 Cal.App.2d 817 [34 Cal. Rptr. 121].) Section 739 must be read in the light of article I, section 8, of the Constitution, which provides that offenses

which were theretofore required to be prosecuted by indictment shall be prosecuted by an indictment or by an information "after examination and commitment by a magistrate." (*Parks* v. *Superior Court*, 38 Cal.2d 609 [241 P.2d 521].) In that context, section 739 has been construed as authorizing the inclusion of an offense not designated in the commitment order but shown by the preliminary examination to have been committed by defendant if such added offense is related to or connected with the crime or crimes designated in the commitment order. (*People* v. *Downer, supra,* 57 Cal.2d 800.) There must be some "transactional relationship" between the added charge and the crime or crimes for which the defendant has been held to answer. (*Mulkey* v. *Superior Court, supra.*)

In *People* v. *Downer, supra,* 57 Cal.2d 800, defendant was held to answer for rape and incest committed against his daughter on a given date. The district attorney filed an information including an additional count charging attempted incest alleged to have been committed some 10 days later. The court held that the inclusion of the added offense was proper because the preliminary examination revealed that defendant had been engaging in a course of illicit conduct with his daughter over a long period of time and that, hence, the added offense was "related" to and arose out of the same transaction which formed the basis for the commitment order. In distinguishing *Parks* v. *Superior Court, supra,* 38 Cal.2d 609, which disapproved language in *People* v. *Wyatt,* 121 Cal. App. 180 [8 P.2d 901], indicating that a relationship evidenced by common scheme or design was sufficient, the court emphasized the existence of a "continued series of illicit relations between the same parties, defendant and the prosecutrix." Justice Peters with Justice Dooling concurring, dissented on the ground that the majority had in effect overruled *Parks* v. *Superior Court, supra,* 38 Cal.2d 609.

In the present case the relationship between the added offense and the crimes designated in the commitment is merely one of common scheme or design, a relationship which in and of itself would be insufficient. (*Parks* v. *Superior Court, supra,* 38 Cal.2d 609, 613; *Mulkey* v. *Superior Court, supra,* 220 Cal.App.2d 817, 824.) Although the victim in the added offense is the same as the victim in one of the offenses on which defendants were held to answer, the evidence does not disclose a continuity of a course of criminal conduct between defendants and the victim, a factor which was deemed controlling in *People* v. *Downer, supra,* 57 Cal.2d 800. We con-

clude that the count on which defendants were convicted was improperly added.

■ Defendants, however, by going to the trial without raising the point have waived it.

Section 996 of the Penal Code provides that if a motion to set aside the information is not made, defendant is thereafter precluded from raising objections which he could have raised by a 995 motion, namely, (1) that he had not been legally committed by a magistrate, or (2) that he had been committed without probable cause.[1] A defendant who fails to move under section 995 to dismiss an information charging an offense other than the one designated in the commitment order has been held to have waived such objection. (*People* v. *Ortiz,* 208 Cal.App.2d 313, 316 [25 Cal.Rptr. 431]; *People* v. *McCoy,* 181 Cal.App.2d 284, 288 [5 Cal.Rptr. 107]; *People* v. *Rankin,* 169 Cal.App.2d 150, 164 [337 P.2d 182]; *People* v. *Workman,* 121 Cal.App.2d 533, 535 [263 P.2d 458]; *People* v. *Ahern,* 113 Cal.App.2d 746, 750 [249 P.2d 63].) In the instant case although defendants moved under section 995 to dismiss the information and thereafter unsuccessfully sought a writ of prohibition, neither in their motion under 995 nor in their application for a writ of prohibition did they raise the contention that they had not been properly committed on the added count. The failure to raise that issue in those proceedings constituted a waiver. (*People* v. *Reimringer,* 116 Cal. App.2d 332, 336-337 [253 P.2d 756]; see *People* v. *Rankin, supra,* 169 Cal.App.2d 150, 164.)

■ Defendants urge that the court erroneously permitted introduction of evidence of other offenses. Extensive testimony was admitted relating to two other incidents, one occurring October 24, 1965, involving a service station in Covina and one occurring November 6, 1965, involving a service station in Glendale.

■ Evidence of other offenses is inadmissible to show criminal disposition, but is admissible where it tends to show knowledge, motive, intent, or presence of a common scheme or design. (*People* v. *Kelley,* 66 Cal.2d 232, 239-240 [57 Cal.

---

[1]Section 996 of the Penal Code provides that if a motion is not made to set aside the information, defendant is precluded ''from afterwards taking the objections mentioned in the last section.'' Although the section immediately preceding section 996 is section 995a, it has been held that since 995a was added after the enactment of section 996, the section referred to is section 995. (*People* v. *Middleton,* 103 Cal.App. 135, 137 [283 P. 976].) The ambiguity was eliminated in 1967 by amendment to section 996, which now makes express reference to section 995. (Stats. 1967, ch. 138, § 5.)

Rptr. 363, 424 P.2d 947]; *People* v. *Peete,* 28 Cal.2d 306, 314-315 [169 P.2d 924].) Such evidence, however, should be received with "extreme caution" and if connection with the crime charged is not clearly apparent, it should be excluded. (See *People* v. *Griffin,* 66 Cal.2d 449, 465-466 [58 Cal. Rptr. 107, 426 P.2d 507]; *People* v. *Kelley, supra,* 66 Cal.2d 232, 240.)

In the instant case both the identity of defendants and specific intent were material issues. Evidence of other offenses showing a common plan or design was, therefore, properly received. (*People* v. *Roy,* 203 Cal.App.2d 613, 621-622 [21 Cal.Rptr. 620].) It was not necessary to show that defendants were convicted of the other offenses (*People* v. *Roy, supra,* p. 622) nor would the fact that one of the other offenses occurred after the crime charged affect its admissibility (*People* v. *Griffin, supra,* 66 Cal.2d 449, 465). The record discloses that the trial judge exercised great caution in considering the admissibility of the evidence and in instructing the jury at the time the evidence was received as to its limited purpose. The court did not err in receiving evidence of other offenses.

Finally defendants urge that it was prejudicial error to admit testimony to show that they were narcotic addicts in that the inflammatory effect of the testimony outweighed any probative value which it may have had to establish motive.

The Attorney General cites *People* v. *Copeland,* 169 Cal. App.2d 713 [338 P.2d 1], and *People* v. *O'Brand,* 92 Cal. App.2d 752 [207 P.2d 1083], as authority for the admissibility of such evidence. Those cases are inapposite. In *Copeland, supra,* the charge was forging prescriptions for narcotics. Evidence showing that a search of defendant's home under a search warrant disclosed his possession of a kit containing narcotics paraphernalia and a packet of hypodermic needles was held proper as being relevant to establish motive for forging the prescriptions. In *O'Brand, supra,* defendant was convicted of an attempted burglary of a drug store. Evidence was received of defendant's attempt to purchase opium and his possession of a narcotic, an eye dropper, and other paraphernalia commonly possessed by narcotic users. The court held the evidence was properly received saying, "The object of the attempted burglary was a drugstore in which there was a stock of narcotics consisting chiefly of opium derivatives." It is apparent that in both cases the nature of the offenses charged was such that evidence that the defend-

ant was a narcotics user had a greater probative value to establish motive than in the present case.

In contrast to the cases cited by the People, in *People* v. *Guiterrez*, 152 Cal.App.2d 115, 122 [312 P.2d 291], a prosecution for attempted burglary, the court held it improper to receive testimony that on the day following his arrest, defendant stated that he had had a "shot of heroin." The court rejected the Attorney General's argument that the evidence was admissible to show that defendant needed money to buy narcotics and, hence, was relevant to establish motive. But in view of the overwhelming evidence of guilt, the error was held to be nonprejudicial. In *People* v. *Enriquez*, 190 Cal.App.2d 481, 486 [11 Cal.Rptr. 889], where the charge was murder and kidnap with intent to commit robbery, it was held to be error to admit evidence that defendant was a narcotics addict. In view of the superabundance of evidence of defendant's guilt, the error did not require reversal.

In *People* v. *Davis*, 233 Cal.App.2d 156 [43 Cal.Rptr. 357], the prosecution was permitted to ask defendant who was charged with robbery if he was under the influence of narcotics at the time of his arrest and, on his denial, to rebut by testimony of an officer that in his opinion defendant was under the influence. The trial judge denied a motion for a mistrial reasoning that the prosecution had the right to prove that defendant "had need for more money than his normal requirements." In reversing the conviction the court took cognizance of the widespread concern over the use of narcotics and the general attitude of the public to loathe anyone who has anything to do with illegal narcotics. The admission of the evidence was held to be prejudicial error.

In the present case a police officer was permitted to testify at great length in describing defendants' condition at the time of their arrest and the withdrawal symptoms which they allegedly underwent thereafter and to express an opinion as to the length of time they had been using narcotics including the daily heroin supply necessary to maintain their habit as well as the cost thereof. Such evidence should have been excluded because its tenuous probative value to show motive was far outweighed by its tendency to incite a jury to resolve the issue of guilt or innocence on defendants' character rather than on proof of the essential elements of the crime.

The evidence of defendants' guilt was entirely circumstantial. No one saw defendants take the spark plugs from the garage nor were they found in defendants' possession. There

is a reasonable probability that a different verdict would have been reached had the objectionable evidence been excluded.

Judgments reversed.

McCabe, P. J., and Kerrigan, J., concurred.