[Crim. No. 2822. First Dist., Div. One. Oct. 21, 1952.]

THE PEOPLE, Respondent, v. WILLIAM AHERN, Appellant.

Thomas E. Feeney and William S. Sparks for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Wallace G. Colthurst, Deputy Attorney General, Thos. C. Lynch, District Attorney (San Francisco), and John T. Rudden, Jr., Assistant District Attorney, for Respondent.

WOOD (Fred B.), J.—Defendant has appealed from the judgment entered upon his conviction of violating section 11500 of the Health and Safety Code, furnishing a marijuana cigarette to one Patricia McGuire, a minor.

The principal issues are (1) asserted error in the refusal of certain instructions requested by the defendant, and (2) asserted error in permitting an amendment of the information to add a count charging commission of the offense for which the defendant now stands convicted.

(1) *The defendant requested and the court refused the following cautionary instructions concerning accomplices and their testimony*: "You are instructed that an accomplice is one who has been concerned in the commission of a crime, whether he or she has directly committed the act or aided and abetted in its commission, and is liable to prosecution for the identical offense charged against the defendant," and "You are further instructed that, as a matter of law, it is your duty as jurors to view the testimony of an accomplice with distrust."

Proper instructions on this subject were necessary in view of testimony of the prosecution witness, Patricia McGuire, tending to prove that one of the other witnesses against defendant aided and abetted him in the commission of the alleged offense. Patricia testified that Darlene Healy was with defendant; that Patricia went up to defendant and asked him for a "joint" (meaning a marijuana cigarette); he said "No"; then she started begging him, saying "please," and then "Darlene says, 'Go ahead,' so he says, 'O.K.'" and gave her a marijuana cigarette. Patricia then lighted it, handed it to Darlene who smoked it some and in turn handed it to the defendant who took a couple of puffs ad returned it to Patricia who finished it. Twenty to thirty minutes later the police raided the place. They found seven marijuana cigarettes on Darlene. She testified that she had smoked marijuana about 30 or 40 times, and that in the presence of defendant and Patricia she smoked part of a marijuana cigarette which defendant gave to Patricia that night; that Patricia asked defendant for a cigarette and he said "No," but when Patricia asked a second time, he said "All right"; denied that she, Darlene, said anything, denied that she told defendant to give Patricia one; and said that she knew the defendant and was engaged to marry him.

Here we have evidence tending to prove that Darlene, one of the witnesses for the State, was "concerned in the commission" of the crime, and "aided and abetted in its commission" as those terms are used, in defining "principals in any crime," in section 31 of the Penal Code. ■ If one of the principals, she would be subject to prosecution for the offense with which defendant was charged. That would make her an accomplice as defined in the concluding sentence of section 1111 of the Penal Code. (See *People v. Shaw,* 17 Cal. 2d 778, 799-800 [112 P.2d 241]; *People v. Wallin,* 32 Cal.2d 803, 806-807 [197 P.2d 734]; *People v. Wilson,* 25 Cal.2d

341, 346 [153 P.2d 720]; and *People* v. *Albrexstondare,* 71 Cal.App. 339, 342-345 [235 P. 87].) The jury are "to be instructed by the court on all proper occasions . . . that the testimony of an accomplice ought to be viewed with distrust . . ." (Code Civ. Proc., § 2061(4).) Such "instructions are necessary in a proper case and the failure so to instruct may be reversible error." (*People* v. *Dail,* 22 Cal.2d 642, 656 [140 P.2d 828].) ▮ Here there was a disputed question of fact whether Darlene was an accomplice. Accordingly, the requested instructions under discussion properly left that question to the determination of the jury. (*People* v. *Griffin,* 98 Cal.App.2d 1, 22 [219 P.2d 519].) The second of the two requested instructions ("as a matter of law, it is your duty . . . to view . . . with distrust") is more emphatic that the statute calls for ("ought to be viewed with distrust"). ▮ However, in a criminal case, it is the duty of the court of its own motion, without any request by the defendant, to instruct the jury with respect to accomplices and their testimony. (*People* v. *Crain,* 102 Cal.App. 2d 566, 582 [228 P.2d 307], and cases cited.)

▮ Defendant took the witness stand and denied having taken any part in the alleged offense. We have examined the record and cannot say with assurance that the jury would have given the same verdict had proper cautionary instructions concerning testimony of an accomplice been given. We conclude that the error was prejudicial and that the judgment should be reversed.

▮ (2) *The assertion of error in permitting amendment of the information is an objection which defendant is precluded from making upon this appeal.* The complaint before the magistrate charged a violation of section 11500 of the Health and Safety Code, furnishing a marijuana cigarette to one Nancy Inocencio. During the preliminary examination evidence was given also of the furnishing of a marijuana cigarette to Patricia McGuire. The written order of the magistrate bound the defendant over to the superior court upon the Inocencio charge only, did not mention the McGuire charge. The information when filed charged only the furnishing of a cigarette to Inocencio. After four days' oral notice and upon the day set for commencement of the trial, the district attorney moved and was permitted to amend the information by adding an additional count charging the furnishing of a marijuana cigarette to McGuire. Upon that

occasion, defendant objected to the amendment upon the ground that the evidence concerning the furnishing of the cigarette to McGuire was improperly admitted at the preliminary examination before the magistrate, not within the issues framed by the complaint. The trial court overruled the objection and permitted the amendment. Defendant then asked for a continuance which the court denied, stating that if at any time during the trial defendant should require a continuance, the court would take a request therefor into consideration at that time. Defendant then pleaded not guilty and the trial commenced. Defendant did not at any time later during the trial request a continuance and has not shown he was prejudiced by the continuance which the court conditionally denied him. At no time did he in the court below move, as authorized by section 995 of the Penal Code, to have the amended information or the new count added by that amendment set aside on the ground that he had not been legally committed by a magistrate in respect to the offense charged by that count. In view of such failure "the defendant is precluded from afterwards taking" that objection (Pen. Code, § 996.) Defendant argues that his objection to the amendment of the information is the substantial equivalent of the making of a motion to strike. We may assume that his objection, though worded somewhat differently, was that he had not been legally committed by a magistrate on the second count because that count charged an offense unrelated to and unconnected with the transaction which was the basis for the commitment order. But section 995 expressly requires the setting aside of an information upon such a ground "by the court in which the defendant is arraigned, upon his motion." That is interpreted to mean that he must make the motion or be precluded by section 996 from afterwards making the objection. ■ His judgment of conviction rests upon the evidence adduced at the trial and the verdict of the jury, not upon the order of commitment nor upon the proceedings before the magistrate. (*People* v. *Harris,* 219 Cal. 727, 729-730 [28 P.2d 906], and cases cited.) ■ The motion must be made prior to the trial and before the entry of a plea, the trial court having power to allow a plea to be withdrawn for the purpose of hearing and determining such a motion. (*People* v. *Linton,* 102 Cal.App. 608, 611 [283 P. 389]. See, also, *People* v. *Magee,* 60 Cal.App. 459, 462 [213 P. 513]; *People* v. *Brown,* 72 Cal.App.2d 717, 719 [165 P.2d 707]; *People* v. *Egan,* 73 Cal.App.2d 894, 897 [167 P.2d 766];

*People* v. *Kellogg*, 6 Cal.2d 448, 454 [57 P.2d 1305].) Defendant suggests it would be overtechnical to hold him to the requirements of section 995 in view of the objection he interposed to the amending of the information. The answer is that his objection is technical and he has failed to avail himself of the means accorded him by the law to assert that objection and make it effective.

It is not necessary to consider other points urged by defendant for a reversal.

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied November 5, 1952, and respondent's petition for a hearing by the Supreme Court was denied November 17, 1952. Shenk, J., and Edmonds, J., were of the opinion that the petition should be granted.