[Crim. No. 2852.    First Dist., Div. Two.    May 6, 1953.]

THE PEOPLE, Respondent, v. ANGEL SIERRA,
Appellant.

Hugh S. Koford for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was tried on two counts of an information charging grand theft of electric cable. Counsel was appointed to defend him and by stipulation a jury trial was waived and a trial was conducted by an attorney at law duly appointed as judge pro tem. with the consent of the parties. Defendant was convicted on both counts and sentenced to the state penitentiary. He appeals from the judgment and is here represented by other counsel assigned at his request by this court. Said counsel advanced two grounds for a reversal of the judgment—insufficiency of the evidence, and error in the exclusion of the witness called by defendant. Both grounds are ably discussed in the briefs but neither requires extensive treatment. At the time of the oral argument he moved for an augmentation of the record to show the preliminary examination and commitment.

On the two occasions charged in the information a quantity of lead covered copper cable was taken from a substation of the Pacific Gas and Electric Company in San Jose. In the early morning following the night of the second theft, six men, including defendant, were discovered by a rancher in the act of chipping the lead off the cables. He telephoned the sheriff's office and restrained the parties until a deputy appeared and placed them under arrest. A quantity of the broken down cables was found in each of the two cars the parties were occupying.

On the trial, witnesses testified as to the ownership and the theft of the material, the observation of the parties engaged in breaking down that taken in the second theft, and the sale of the material taken in the first theft to a junk dealer. Witnesses definitely identified this appellant as one of those who had made the earlier sales and as one of those observed on the ranch in possession of the material taken in the second theft. The most convincing evidence of appellant's participation in the crime came from the witness Rodrigues who was an accomplice in both offenses. Respondent cites as corroboration of this witness the active cooperation of appellant with the witness in the sale of the material, his use of an assumed name in making the sale and his

active participation with the witness in cashing the checks and distributing the proceeds. To these may have been added the undisputed and unexplained presence of appellant at an early hour of the morning following the second theft. There, in the presence of the ranch owner, the appellant was seen with the witness Rodrigues in possession of the stolen property. (*People* v. *Trujillo*, 32 Cal.2d 105, 110 [194 P.2d 681] ; *People* v. *Bargala*, 81 Cal.App. 381 [253 P. 938].)

However, the evidence disclosed a general pattern or plan to take the cables, break them down and sell the parts to the same junk dealer and all such evidence, taken with appellant's unexplained possession of the cut-up cables taken on the second occasion, was pertinent to the corroboration of Rodrigues and it was sufficient to support the judgment.

A more serious question is the propriety of the trial court in excusing the witness Garcia on the assumed ground that any testimony might tend to incriminate him. The witness had been previously convicted on the same charges on his plea of guilty in another court. He was not a defendant on the charges then being heard. However, the court, mistakenly assuming that he was a defendant, stopped the proceedings and appointed special counsel for the witness to advise him as to his right to refuse to testify. Such counsel erroneously advised him that he could refuse to testify and the defendant was thereupon deprived of his only witness. The witness might have given testimony favorable to the defendant which testimony could not have conceivably tended to incriminate the witness in any crime. For instance, since the identity of the participants was at issue, this witness may have testified that he was present but that the defendant was not. Such testimony would not have incriminated the witness since he had theretofore confessed and pleaded guilty to his own participation in the offense.

However no question was asked the witness except as to whether he wished to testify. No showing was made as to what the defendant sought to prove by the witness. Hence, no prejudice in the ruling appears. It is like those cases where no objection was made and no request for a ruling was made at the time. It is not a question which can be made for the first time on appeal because the reviewing court cannot say that prejudice appears from the record.

At the oral argument on appeal it was suggested that the second count had been added to the information without a hearing before a committing magistrate and it was orally

requested that the transcript be augmented with the material relating thereto. However as it is conceded that appellant pleaded to the amended information and did not move in the court below to set it aside, he cannot urge this matter for the first time on appeal. (Pen. Code, § 996; *People* v. *Reimringer*, 116 Cal.App.2d 332, 337 [253 P.2d 756], and cases there cited.) Appellant relies wholly on *Parks* v. *Superior Court*, 38 Cal.2d 609 [241 P.2d 521], and questions our ruling in *People* v. *Reimringer*, *supra*, distinguishing the Parks case on the ground that failure to move in the trial court to set aside the information was not considered in the Parks case. There the defendant did move to set aside the information under section 995 of the Penal Code and that motion was denied. Failure to so move was the ground of the ruling in the Reimringer case and this was based on *People* v. *Ahern*, 113 Cal.App.2d 746, 750 [249 P.2d 63], where the rule is supported by other authorities. We conclude that this ground is not now available to appellant.

Appellant further argues that, since the right to a preliminary hearing is a right granted by the Constitution, it cannot be deemed waived and cannot be denied under sections 995 and 996 of the Penal Code. A constitutional right may be waived either directly or by inaction. (5 Cal.Jur., p. 626; 22 C.J.S., p. 487; 14 Am.Jur., p. 936; 56 Am.Jur., pp. 110, 111. See *Chesney* v. *Byram*, 15 Cal.2d 460, 469 [101 P.2d 1106].)

The application for an augmentation of the record is denied.

The judgment and the order denying a new trial are affirmed.

Goodell, J., and Dooling, J., concurred.