[Crim. No. 5066. Second Dist., Div. Two. Nov. 25, 1953.]

THE PEOPLE, Respondent, v. BERNARD WORKMAN, Appellant.

534

Alexander L. Oster for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violation of the Dangerous Weapons Control Law, predicated upon defendant's plea of guilty, he appeals.

May 26, 1952, defendant was arraigned and pleaded not guilty as charged in an information charging him with robbery while armed with a deadly weapon. July 8, 1952, defendant failed to appear and bail was declared forfeited and a bench warrant was issued for his appearance. January 20, 1953, defendant was present in court, the public defender was appointed as his counsel and the case continued for trial to January 26, 1953, on which date trial was reset for March 9, 1953. On the latter date at the request of counsel for defendant, the cause was continued to April 14, 1953. On April 14, 1953, at the request of defendant, the case was continued to May 20, 1953, and again at the request of defendant, continued to May 21, 1953.

May 21, 1953, the case was called for trial and on stipulation

of the parties an amended information was deemed filed charging defendant with violation of the Dangerous Weapons Control Law (Deering's Gen. Laws, Act 1970, § 2) only.

Defendant was arraigned on the amended information and entered a plea of guilty. He was given leave to file an application for probation, and hearing on the application for probation and judgment was set for June 4, 1953, at which time the matter was continued to June 11, 1953.

June 11, 1953, defendant's application for probation was denied and he was sentenced to the state prison for the term prescribed by law.

*Questions:* First: *Did the filing of the amended information, eliminating the charge of robbery and substituting violation of the Dangerous Weapons Control Law, deprive defendant of any right guaranteed him by the state or federal Constitutions—specifically did it deny defendant the right of due process?*

*No.* The following rules are here applicable:

■ (1) A defendant may move to set aside an information at the time of arraignment on the ground that he has not been legally committed by a magistrate or that he was committed without reasonable or probable cause. (Pen. Code, § 995.) If such a motion is not made the defendant is precluded from making such objections. (Pen. Code, § 996.)

■ (2) Penal Code, sections 995 and 996, are applicable to the filing of an amended information. (*People* v. *Ahern*, 113 Cal.App.2d 746, 750 [5] [249 P.2d 63].)

■ Since defendant pleaded to the amended information and did not move in the court below to set it aside, he has waived any error in the filing thereof and may not complain on appeal.

■ (3) A constitutional right accorded to a defendant may be waived either directly or by inaction. (*People* v. *Sierra*, 117 Cal.App.2d 649, 652 [4] [256 P.2d 577].)

*People* v. *Fyfe*, 102 Cal.App. 549 [283 P. 378], relied on by defendant, is not here in point. In the Fyfe case the People appealed from a judgment of dismissal entered after defendant's demurrer was sustained to a second amended information. In such case defendant vigorously opposed the filing of the amended information, demurred thereto and moved to set it aside. In the instant case, instead of demurring thereto, defendant through his counsel stipulated that an amended information might be filed charging violation

of the Dangerous Weapons Control Law, and when arraigned on the amended information entered his plea of guilty thereto.

Second: *Was defendant denied a speedy trial in violation of any right accorded him by the state or federal Constitutions?*

*No.* ■ The right to a speedy trial under article I, section 13, of our state Constitution, and subdivision 2 of section 1382 of the Penal Code, is a right which a defendant may waive. (*People* v. *Greene,* 108 Cal.App.2d 136, 140 [1] [238 P.2d 616] ; *People* v. *Tenedor,* 107 Cal.App.2d 581, 583 [4] [237 P.2d 679].)

■ It is likewise settled that where a defendant neither objects to going to trial nor makes a motion to dismiss the action under section 1382 of the Penal Code in the trial court, error may not be predicated in the appellate court upon the failure of a defendant to have an earlier trial. (*People* v. *Scott,* 74 Cal.App.2d 782, 783 et seq. [169 P.2d 970] ; *People* v. *Dale,* 79 Cal.App.2d 370, 378 [10] [179 P.2d 870] ; *People* v. *Newell,* 192 Cal. 659, 669 [7] [221 P. 622].)

In the present case defendant neither objected to his arraignment and plea of guilty, nor did he move to dismiss the action in the trial court. Therefore the above rules are applicable.

No errors appearing in the record, the judgment is affirmed.

Fox, J., concurred.

MOORE, P. J.—I concur. Defendant was not denied any constitutional right. He was at all stages of the action represented by counsel. After four continuances when the cause came on for trial defendant himself and his attorney stipulated that a second count might be added. He knew then that he had not been committed on the charge of having violated the Dangerous Weapons Control Law and his counsel knew that, if the pleading should over his objection be amended as proposed, he could obtain its elimination by virtue of section 995 of the Penal Code. Also, he knew that by section 996 if he did not ask it to be set aside, defendant would be precluded from afterwards making the objection mentioned in section 995. Despite such knowledge and the law as thus codified, defendant now seeks to be relieved from his plea of "guilty" to the accusation thus added by amendment to the information. He is in no better position than the accused in *People* v. *Sierra,* cited by Justice McComb, whose appeal on the very same point was denied.

All points in opposition to the demands of the prosecution should be interposed in the trial court where the trial judge may make such reviewable orders as may be deemed appropriate.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.