[Crim. No. 3589.   First Dist., Div. One.   May 16, 1961.]

THE PEOPLE, Respondent, v. GORDON CLAYTON, Appellant.

Bernard P. McCullough, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and James B. Davis, Deputy Attorney General, for Respondent.

BRAY, P. J.—Defendant appeals from judgment of conviction, after jury trial, of violating section 11500, Health and Safety Code (sale of marijuana).*

QUESTIONS PRESENTED

1. Did the court err in permitting a witness to avail himself of the privilege of self-incrimination?

2. Other contentions made by defendant in propria persona.

---

*Defendant was also found guilty of possession of marijuana on the same date on which the sale was made. However, the court of its own motion thereafter dismissed that count.

EVIDENCE

At approximately 9 p.m. February 18, 1958, Anatole Balmy, a police officer working as an undercover agent for the narcotic detail of the San Francisco Police Department, and Inspector Logan of the narcotic detail, went to the Elwood Hotel on Bush Street.

Officer Balmy entered the hotel alone and went to the manager's apartment to meet defendant. The officer's appointment with defendant had been arranged by John Caslo, an informant working with the police department. Defendant and Caslo arrived at the manager's apartment shortly after the arrival of Officer Balmy.

According to Balmy, he and Caslo and the defendant went into a bedroom of the apartment where Caslo introduced Balmy to defendant. Balmy testified that defendant asked him how much marijuana he wanted to purchase. After an amount was agreed upon defendant left the hotel room in order to obtain the narcotic. Defendant returned, handed a brown bag containing marijuana to Balmy, and requested $20. Balmy gave defendant $20, took the bag, and left the hotel, rejoining Inspector Logan across the street.

No contention is made that the evidence was not sufficient to convict.

1. *Caslo's Refusal to Testify.*

During the trial, defendant's counsel, McNamara (a deputy public defender), in asking for an order for the production, as a witness, of Caslo, who was then in jail, told the court that defendant had stated to him that Caslo had told defendant on several occasions that he would testify for defendant to the effect that he, Caslo, was not present at the Elwood Hotel, as Officer Balmy said he was, and did not witness any negotiations for the sale of marijuana. Thereafter, in chambers, in the presence of the court, both counsel, the defendant, the witness Caslo and the attorney who represented the latter in another matter, a considerable discussion took place.

McNamara stated in effect that he and defendant were in disagreement; that defendant was insisting that Caslo be called as a witness; that McNamara did not wish to do this as Caslo would not benefit defendant's case; that that morning a conference had taken place between defendant, Caslo and McNamara; that Caslo told McNamara what he would testify to and that he did not want to testify. In the discussion

in chambers, everyone, with the possible exception of defendant, who remained silent, assumed that if required to testify, Caslo's testimony would be adverse to defendant. Also everyone assumed that Caslo had the right to so refuse. McNamara seemed to feel that although, as a lawyer, he was opposed to putting Caslo on the stand, he should do so as his client seemed to think that Caslo would testify for him. The court asked Caslo if he would testify. Caslo and his attorney stated that if placed on the stand, Caslo would refuse to testify on the ground of self-incrimination. It was then understood that Caslo would be called to the stand in the presence of the jury, and if he claimed a right not to testify, the court would excuse him.

Back in the courtroom, before the jury, the court ordered Caslo to take the stand. After giving his name he refused to answer whether he knew defendant, claiming that his answer might incriminate him. The court then excused him from the stand.

No suggestion or request was made that Caslo be compelled to testify. The whole proceeding seemed to be for the purpose of convincing defendant that Caslo would not testify. As both the court and McNamara indicated that they believed that Caslo's testimony, if given, would be adverse to defendant (the court said "it may mean the conviction of your client"), it is clear that no one, again with the possible exception of the silent defendant, felt that Caslo should be compelled to testify if he did not wish to do so. Thus, assuming that Caslo's claim of privilege was unwarranted, there was no error under the circumstances in the failure of the court to compel him to testify. The court was never called upon to do so. See *People* v. *Sierra* (1953), 117 Cal.App.2d 649, 651 [256 P.2d 577], where no question was asked of the witness except as to whether he wished to testify, and where it was held that as no request for a ruling requiring the witness to testify was made at the trial, the question could not be raised for the first time on appeal.

## 2. *Contentions by Defendant in Propria Persona.*

At defendant's request this court appointed an attorney to represent defendant on this appeal. The attorney felt that the only question he deemed of sufficient importance to present was the one above discussed. Defendant filed a 41-page brief, making a number of contentions unsupported by the record, and a number of generalizations, such as that the trial court exceeded its jurisdiction in convicting defendant, likewise

unsupported by the record or the law. We have carefully considered his contentions, but do not consider that they need detailed discussion here. Suffice it to say, that the court-appointed attorney exercised good judgment in not attempting to burden this court with them.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied June 14, 1961, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1961.