[No. D047906. Fourth Dist., Div. One. Oct. 24, 2006.]

In re DANIEL R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DANIEL R., Defendant and Appellant.

COUNSEL

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HUFFMAN, Acting P. J.**—Daniel R. appeals from a dispositional order of the juvenile court sustaining a petition filed under Welfare and Institutions Code[1] section 602 and declaring him a ward of the court. He contends the court's imposition of a probation condition which absolutely bans travel to Mexico is unconstitutionally overbroad and must be modified to allow travel to Mexico with the permission of the probation officer and being accompanied by his parents. We agree.

### FACTUAL AND PROCEDURAL SUMMARY

A section 602 petition was filed December 27, 2005, charging 13-year-old Daniel with grand theft (Pen. Code, § 487, subd. (a); count 1), and possession of stolen property (Pen. Code, § 496, subd. (a); count 2), arising out of his theft of a woman's purse at the Horton Plaza ice rink in downtown San Diego on December 22, 2005. Daniel was further charged in the petition with

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

committing three counts of petty theft (Pen. Code, § 484), for stealing property from another purse from the ice rink that same day (count 3), for stealing $115 in cash from a teacher's desk at Standley Middle School in San Diego on September 21, 2005 (count 5), and for stealing a Halloween mask from another student at that same school on October 31, 2005 (count 6). Daniel was also charged with receiving stolen property arising out of the theft from the teacher's desk, which he then used to buy candy for himself and some of his friends (count 4).

The probation officer's report for a December 28, 2005 detention hearing revealed that the two earlier incidents had been referred to a probation "diversion" officer who had met with the minor and his parents on December 21, 2005, but that Daniel had run away after that meeting. Daniel's mother had told the diversion officer she thought Daniel was drinking alcohol and using marijuana, that he did not listen to her and had a history of running away. Based on such information, his past referrals to probation and the new charges at the ice rink, the probation officer recommended Daniel be detained at juvenile hall pending future hearings. The court so ordered and set the matter for readiness on January 12, 2006.

For that hearing, the probation officer's social study report outlined the facts of the current and previous incidents as well as statements from interviews with Daniel and his parents. Essentially, Daniel admitted that on December 22, 2005, he sneaked out of his home through his bedroom window, took the trolley downtown to the ice rink, stole two purses, ran when an employee of the rink saw him and gave chase, got back on the trolley, but was caught before he could get away. He also admitted he had taken the money from his teacher's desk in September, and the mask from another student on Halloween as a prank. Based on these facts and the facts Daniel had been on informal probation for the two earlier incidents, had conceded he had used marijuana and alcohol, was doing poorly in school and appeared to have a good family support base, the probation officer recommended Daniel "be adjudged a [section] 602 ward and be committed to the Short Term Offender Program (STOP) for a period not to exceed 90 days. It is believed that the STOP program will provide the minor with resources that will improve his academic achievement and alternatives to drug use. Upon completion of the STOP Program, the Probation Department recommends that the minor be placed with his parents. Furthermore, the Probation Department recommends that the minor complete 40 hours of community service and an [a]nti-[t]heft [c]lass." The probation officer embodied her recommendations in an attachment of 49 dispositional points or conditions, including No. 41, which specifically provided that, "Minor is not to enter Mexico unless in the immediate custody and control of the parent or legal guardian and with prior Probation Officer permission."

At the readiness hearing, Daniel admitted as true the count 1 grand theft in the petition as a felony, with the agreement the remaining counts were being dismissed with a *Harvey*[2] waiver, restitution would be imposed, and his case would be reduced to a misdemeanor if he successfully completed probation. The disposition hearing immediately followed.

When Daniel's counsel advised the court he was willing to abide by the terms and conditions for disposition with the exception of conditions Nos. 20 and 29, which are not relevant to this appeal, the court clerk asked whether the court wanted "to modify no. 41?" The court, responded "41, not to enter Mexico under any circumstances." When Daniel's counsel "object[ed] to that," the court stated, "[o]bjection is noted on the record. We got enough here without having him going to Mexico and have him get—steal something. Then they will put him in jail and [he will] never get out [of] there. Not to enter Mexico under any circumstances." The prosecutor submitted on the recommendation, noting Daniel "seemed to be entrenched in his ways as a thief" and agreeing "he would be in danger in Mexico [because] he might steal something there and end up in custody in Mexico."

The court followed the recommendations of the probation officer as amended, declared Daniel a ward of the court, and directed that his care, custody, and control be transferred to the supervision of the probation department, to serve a minimum of 40 days in custody in the STOP program and upon completion to be placed with his parents at his residence in San Diego. The court further imposed a number of probation conditions, including the modified No. 41 which banned entry to Mexico "under any circumstances."

Daniel timely appealed.[3]

## DISCUSSION

Daniel contends the probation condition banning him from travel to Mexico is overbroad and must be modified to permit such travel with the permission of the probation officer and being accompanied by his parents.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

[3] In support of his appeal, Daniel has also filed a request to take additional evidence, consisting of his parents' declarations and that of his trial attorney, arguing such show the court's absolute ban on travel to Mexico is arbitrary and not designed to properly rehabilitate him. Although the People have not opposed the request, because we resolve the issue on appeal in Daniel's favor based solely on the record before the trial court (see *In re James V.* (1979) 90 Cal.App.3d 300, 304 [153 Cal.Rptr. 334]), we decline to exercise any discretion we may arguably have under Code of Civil Procedure 909 to take additional evidence and deny Daniel's request. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 412–413 [2 Cal.Rptr.3d 683, 73 P.3d 541]; *In re Elise K.* (1982) 33 Cal.3d 138, 149–150 [187 Cal.Rptr. 483, 654 P.2d 253].)

The People contend Daniel waived his challenge to the condition by failing to object on the specific grounds he now raises on appeal at the dispositional hearing, and that, in any event, the condition is valid and was properly imposed as within the court's discretion. As we explain, we conclude the complained of condition must be modified to permit Daniel to travel to Mexico in the company and under the control of his parents when he obtains prior permission for such travel from his probation officer.

■ Initially, we note we need spend little time on the People's assertion that Daniel has waived his challenge to the validity of the probation condition. Although a minor appellant may not contest a probation condition as unreasonable where he has not objected to the condition in the juvenile court (*People v. Welch* (1993) 5 Cal.4th 228, 232–236 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *In re Abdirahman* (1997) 58 Cal.App.4th 963, 969–971 [68 Cal.Rptr.2d 402]), the record shows Daniel did object to the conditional travel to Mexico requirement being modified by the court at the hearing to constitute an absolute ban on such travel. The court noted the objection for the record, but nevertheless imposed the ban with the concurrence of the People. Even though Daniel's counsel could have more fully explained the grounds of Daniel's objection to the condition, Daniel had no prior notice that the court would on its own modify the recommended Mexico travel condition. Because the facts necessary to resolve his challenge to the probation condition are not in dispute, we exercise our discretion to review them based on Daniel's objection which impliedly challenged the condition banning travel to Mexico as invalid. (See *In re Tyrell J.* (1994) 8 Cal.4th 68, 83, fn. 3 [32 Cal.Rptr.2d 33, 876 P.2d 519].)

■ We review a juvenile court's imposition of a probation condition for an abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67].) As we noted in *In re Christopher M.* (2005) 127 Cal.App.4th 684 [26 Cal.Rptr.3d 61]: "The juvenile court is statutorily authorized to place a ward on probation and 'impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [Citation.] Section 730 grants courts broad discretion in establishing conditions of probation in juvenile cases. [Citation.] '[T]he power of the juvenile court is even broader than that of a criminal court.' [Citation.] The juvenile court's exercise of discretion in establishing conditions of probation in juvenile cases 'will not be disturbed in the absence of manifest abuse.' [Citation.] [¶] A juvenile probation condition is generally valid unless it ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' [Citations.] [¶] As explained in *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 [93 Cal.Rptr.2d 212], 'juvenile conditions may be broader than those

pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may "curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected 'liberty' includes the right to 'bring up children' [citation,] and to 'direct the upbringing and education of children.' [Citation.]" [Citations.]' The *Antonio R.* court further explained that even conditions infringing on constitutional rights may not be invalid if they are specifically tailored to fit the needs of the juvenile. [Citation.] In planning the conditions of a juvenile probationer's supervision, the juvenile court must consider both the circumstances of the crime and the juvenile's entire social history. [Citation.]" (*Christopher M., supra,* 127 Cal.App.4th at pp. 692–693, italics and fn. omitted.)

Here, because the condition barring Daniel from travel to Mexico does not forbid conduct which is itself criminal, in order to pass scrutiny, it must be either reasonably related to Daniel's crime (or crimes due to his *Harvey* waiver, i.e., all theft-related crimes) or to his future criminality. An examination of Daniel's criminal record and his social history shows the probation condition banning travel to Mexico is not related to any of his theft crimes. The question then becomes whether it is reasonably related to Daniel's rehabilitation. The People argue the right to travel is not absolute; that it may properly be restricted in the juvenile court's broad discretion such as in *Antonio R., supra,* 78 Cal.App.4th 937, where the court restricted an Orange County minor from travel to Los Angeles County; and that the court here had a legitimate concern that Daniel, who had a history of defying his parents' rules by running away and taking the trolley, would leave its jurisdiction and travel by trolley to Mexico, getting into trouble there.

The problems with the People's arguments, however, are that, in addition to there being little or no evidence to support them, the condition of probation against travel found valid in *Antonio R.* is distinguishable from the one in this case, and their arguments mistakenly assume Daniel is unwilling to accept any prohibition against travel to Mexico. No evidence was before the court, in either the criminal or social histories, that Daniel had ever committed any crimes in Mexico, had any gang ties in Mexico, or had engaged in any questionable or criminal conduct in Mexico. Nor was there any evidence that he had ever run away to Mexico after disobeying his parents, or that he had in fact ever traveled to Mexico with or without his parents or on the trolley.[4]

---

[4] With the exception of the additional evidence in Daniel's request to essentially augment the record, which we have denied, the only evidence that Daniel has any ties to Mexico or would ever travel there is that he is of Mexican/Hispanic heritage and his parents needed a Spanish translator for their interviews with the probation department. From this evidence, a

Thus, unlike the minor in *Antonio R., supra,* 78 Cal.App.4th 937, who lived in Orange County but had been involved in extensive and recent criminal gang conduct in Los Angeles County with his gang located there, Daniel has absolutely no known criminal ties or history of criminal conduct in the place where travel is being restricted for so-called rehabilitative purposes.

In addition, the probation condition restricting travel to Los Angeles in *Antonio R.,* included a "safety valve," the requirement that travel to that county would be with the cooperation of the minor's parents and prior approval from his probation officer, which the appellate court found saved the condition from being an "impermissibl[e] burden[]" on the minor's constitutional rights. (*Antonio R., supra,* 78 Cal.App.4th at p. 942.) The court there found the condition with such safety valve included did nothing more than "reaffirm the traditional parental prerogative[,] consistent with the rehabilitative purpose of probation and constitutional parental authority." (*Ibid.*)

Contrary to the People's assumption Daniel will accept nothing less than the unlimited right to travel to Mexico at any time for any reason, Daniel clearly conceded below and in his appellate briefs that he is willing to abide by a specifically tailored travel restriction such as the one the probation officer originally proposed, that travel to Mexico be permitted only with prior probation officer approval and only if he were accompanied by and under the control of his parents. Daniel has also offered to add to the originally proposed condition the requirement that upon his return he recount to the probation officer what occurred during the Mexico visit.

█ Under the total circumstances of this case, we believe Daniel's acceptance of the originally proposed probation condition (No. 41) with the added requirement he suggests for a case-by-case approval for Mexico travel is reasonable and provides a safety valve similar to that in *Antonio R., supra,* 78 Cal.App.4th 937, which saves it from constitutional infirmity. We therefore conclude the probation condition absolutely banning Mexico travel for Daniel under any circumstances is not reasonable or tailored to fit Daniel's reformative and rehabilitative needs, and must be modified in the manner suggested. As so modified, the condition will reasonably accommodate Daniel's appropriate requests to travel to Mexico with appropriate restrictions and also serve the important interests of public safety and his rehabilitation without excessively infringing upon his constitutional rights.

person could arguably infer that Daniel's parents would sometimes travel to Mexico to visit family or friends accompanied by their minor children, which included Daniel and his three sisters.

## DISPOSITION

The subject probation condition (No. 41) is modified to read as follows: "Minor is not to enter Mexico unless in the immediate custody and control of the parent or legal guardian and with prior Probation Officer permission. Minor shall report circumstances of entry to Mexico to Probation Officer upon his return." As so modified, the dispositional order is affirmed.

McDonald, J., and Irion, J., concurred.

A petition for a rehearing was denied November 13, 2006.