Filed 11/15/13  In re Makayla B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MAKAYLA B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MAKAYLA B., <br><br> Defendant and Appellant. | F066102 <br><br> (Super. Ct. No. 10CEJ600044-2) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Jr., Judge.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Todd Marshall and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P.J., Detjen, J. and Peña, J.

Makayla B., a minor at the time of the underlying proceedings, appeals the imposition of a probation condition which restricts her from leaving the State of California without written permission from her probation officer.  The condition was imposed by the Fresno County Superior Court, sitting as a juvenile court, after it found Makayla had violated section 242 of the Penal Code (battery) and adjudged her a ward of the court.  She now contends the travel restriction is an unreasonable condition of probation and thus constitutes an abuse of discretion by the juvenile court, or alternatively, that the condition is unconstitutionally overbroad as a matter of law.  We conclude the first ground for appeal has been forfeited and the latter argument has no merit.  Accordingly, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2012, the Fresno County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602, subdivision (a), alleging Makayla had committed misdemeanor battery (Pen. Code, § 242).  The evidence adduced at a jurisdictional hearing on October 18, 2012, which included Makayla's own testimony, showed she intentionally struck a convenience store owner in the face while inside of his store.  The juvenile court found the allegations against Makayla to be true and sustained the petition.

A disposition hearing was held on November 8, 2012.  Makayla was declared a ward of the court and received probation without any custody time in juvenile hall.  After stating its findings, the court asked the probation officer to recite all requested conditions of probation.  The record indicates that the probation officer proceeded to read a portion of the probation department's written report and recommendations out loud, then paused and said, "Your honor, I think we need to add the provision that she not leave the State of California."  The court replied, "All right."  The recommended condition was then stated

2.

as follows: "You shall not leave the State of California without written consent of your probation officer."

No objections were made during the November 8, 2012 hearing, which concluded with the juvenile court adopting all recommended conditions of probation as part of its dispositional order. Makayla's timely notice of appeal was filed the same day.

## DISCUSSION

**Challenges to the Conditions of Probation on *Lent*[1] Grounds Have Been Forfeited**

Juvenile courts have broad discretion to formulate the terms and conditions of probation for a minor who has been adjudged a ward of the court. (*John L. v. Superior Court* (2004) 33 Cal.4th 158, 183; *In re P.A.* (2012) 211 Cal.App.4th 23, 33.) "The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) As such, challenges to conditions of probation in a juvenile case are ordinarily reviewed under the abuse of discretion standard. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

To establish an abuse of discretion, a condition of probation must be shown to be unreasonable to the extent that it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .'" (*Lent, supra,* 15 Cal.3d at p. 486.) However, our Supreme Court has held that failure to timely object to a probation condition on *Lent* grounds forfeits the claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235 (*Welch*).) This rule of forfeiture was first established in the context of adult criminal proceedings, but is equally applicable to minors who appear in juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 883, fn. 4 (*Sheena K.*); *In re Sean A.* (2010) 191 Cal.App.4th 182, 190.) "In both adult and juvenile

_____

[1] *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).

3.

cases, the time to object is at the pertinent hearing, not for the first time on appeal." (*In re Abdirahman S*. (1997) 58 Cal.App.4th 963, 971.)

Pointing to the fact that the travel restriction was not originally set forth in the probation department's written recommendations, Makayla claims she did not have a meaningful opportunity to object to the condition at the disposition hearing. Her argument is unpersuasive. Courts are not bound to accept the recommendations of a probation officer (*Welch*, *supra*, 5 Cal.4th at p. 234), and a minor has the ability to object to any particular condition of probation as improper or unwarranted. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 83, fn. 3, overruled on other grounds in *In re Jaime P*. (2006) 40 Cal.4th 128, 130 (*Tyrell J.*).) "As discussed above, the juvenile court is vested with broad discretion to select appropriate probation conditions, and thus a minor has ample opportunity to influence the court's decision." (*In re Abdirahman S.*, *supra*, 58 Cal.App.4th at p. 971.)

"A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Welch*, *supra*, 5 Cal.4th at p. 235.) In this instance, Makayla's counsel remained silent as the probation officer made verbal recommendations for her probation conditions and after the court stated its intention to accept same. The record before us does not suggest Makayla was deprived of the opportunity to object to the condition she now challenges, but merely that she failed to do so. Her *Lent* claims have thus been forfeited.

**The Challenged Condition of Probation is Not Facially Unconstitutional**

Notwithstanding the discretionary authority afforded to juvenile courts, the legality of a probation condition may be attacked on constitutional grounds. "[W]here an otherwise valid condition impinges on constitutional rights, the condition must be carefully tailored and reasonably related to the compelling state interest in the minor's reformation and rehabilitation." (*In re Antonio C*. (2000) 83 Cal.App.4th 1029, 1034.)

The constitutionality of a probation condition is reviewed de novo on appeal. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Makayla contends the prohibition against interstate travel without written consent from her probation officer infringes upon the fundamental freedom of movement in a manner that is unconstitutionally overbroad. As with *Lent* claims, a constitutional right "may be waived either directly or by inaction." (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323, quoting *People v. Workman* (1953) 121 Cal.App.2d 533, 535.) To overcome the waiver rule, Makayla attempts to invoke an exception recognized by the California Supreme Court in *Sheena K.*, *supra*, which permits constitutional challenges that present a "pure question of law" to be raised for the first time on appeal. (*Sheena K., supra*, 40 Cal.4th at pp. 884, 887.)

The exception upon which Makayla relies is more limited than she acknowledges in her briefs. It applies only to a "facial constitutional defect in the relevant probation condition," such as vagueness or overbreadth, that is "capable of correction without reference to the particular sentencing record developed in the trial court." (*Sheena K., supra*, 40 Cal.4th at p. 887.) Thus, as the *Sheena K.* opinion explicitly warns, not all claims of constitutional overbreadth can be raised for the first time on appeal, "since there may be circumstances that do not present pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court. In those circumstances, [t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." (*Id.* at p. 889, internal citations and quotation marks omitted.)

Makayla's claims of constitutional overbreadth are entirely dependent upon the unique circumstances of her case and the facts developed in the juvenile court record. In other words, her arguments ultimately challenge the reasonableness of the probation condition as it applies to her, not its facial constitutionality. To assess the challenged condition as a pure question of law, our analysis is limited to determining whether it is

5.

unconstitutionally overbroad in its literal wording, i.e., on its face. (*Sheena K.*, *supra*, 40 Cal.4th at p. 878, 885.) We find no such infirmity.

Obtaining advance permission for interstate travel appears to be a common requirement, as it is listed among other conditions of probation in a check-the-box format on the Judicial Council of California form that was used by the juvenile court for its dispositional order in this case. (Judicial Council Forms, form JV-665 (rev. Jan. 1, 2012), box #88 ["You shall not leave the State of California without written consent of your probation officer"].) The travel restriction is consistent with the mandatory conditions of probation under rule 5.790 of the California Rules of Court which require the minor to attend school and remain at his or her home residence between the hours of 10:00 p.m. and 6:00 a.m. unless accompanied by a parent, guardian, or adult custodian. (Cal. Rules of Court, rule 5.790(b)(1)(A) & (C).)

Furthermore, the permissible conditions of probation for juveniles are broader than those applicable to adult offenders. (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 (*Antonio R.*).) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may curtail a child's exercise of [their] constitutional rights…." (*Ibid.*, citations and quotation marks omitted; see also, *Tyrell J.*, *supra*, 8 Cal.4th at p. 81 ["a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court."].)

Requiring a minor to obtain written permission from their probation officer before leaving the borders of California preserves the freedom of movement and ability to engage in interstate travel, subject to the discretion of those who exercise the authority of the state as *parens patriae*. (See *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242-1243.) It cannot be said that such a condition is unconstitutionally overbroad on its face

6.

in the context of juvenile probation. "If we were to strike down the condition as facially overbroad, we would invite wholesale attack on the probation condition in every case," regardless of the underlying circumstances which motivated the juvenile court to impose the restriction. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 922.)

The facial constitutionality of the challenged condition is further evidenced by the holdings of two cases cited in the parties' briefs. In *Antonio R.*, *supra*, the Fourth District found that the constitutional rights of a juvenile appellant who resided in Orange County were not impermissibly burdened by the imposition of a condition that prohibited him from entering Los Angeles County "unless accompanied by a parent or with prior permission from the probation officer." (*Antonio R.*, *supra*, 78 Cal.App.4th at p. 939.) Although the probation condition was more geographically restrictive than the one at issue here, the minor's ability to travel with his parents or with written permission from his probation officer was considered a constitutional "safety valve" that adequately balanced the rights of the minor "with the rehabilitative purpose of probation." (*Id.* at p. 942.)

The other analogous case is *In re Daniel R.* (2006) 144 Cal.App.4th 1 (*Daniel R.*), where a challenge was made to a probation condition that prohibited the juvenile probationer from travelling to Mexico under any circumstances. (*Daniel R. supra*, 144 Cal.App.4th at p. 5.) The absolute ban on travel to the neighboring country was held to be unconstitutionally overbroad under the particular circumstances of the case. (*Id.* at pp. 3, 7-8.) However, the appellate court further held the constitutional defect could be cured – and was cured – by its modification of the condition to allow travel to Mexico if the minor obtained permission from his probation officer and was accompanied by his parents. (*Id.* at pp. 7-9.)

In light of the foregoing authorities and our review of the record, we conclude Makayla has failed to establish any basis for reversal or modification of the juvenile court's dispositional order. The probation condition which restricts her from leaving the

7.

State of California without the written consent of her probation officer is not facially unconstitutional. All other challenges to the reasonableness of this condition were forfeited by her failure to interpose an objection during the proceedings below.

## **<u>DISPOSITION</u>**

The judgment is affirmed.