Filed 9/12/22  In re M.G. CA1/5
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re M.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.G.,<br><br>    Defendant and Appellant. | A162652<br><br>(Contra Costa County<br>Super. Ct. No. J2100094) |

Appellant M.G. (Appellant) appeals from the juvenile court's dispositional order imposing a probation condition prohibiting him from being in Alameda County unless with a parent or guardian. He contends the condition is unconstitutionally overbroad. We modify the condition and affirm.

## BACKGROUND

On February 9, 2021, Berkeley Police Department officers responded to an attempted carjacking on Grant Street and Hearst Avenue. Appellant, who matched the description of one of the suspects, was in the area on a scooter, and he was apprehended by the police. Officers searched the area

1

where Appellant had been riding and found a loaded semi-automatic handgun.

On February 11, 2021, the Alameda County District Attorney's Office filed a juvenile wardship petition, alleging Appellant violated Penal Code section 25850, subdivision (a) (carrying a loaded firearm) and Penal Code section 25400, subdivision (a)(2) (carrying a concealed firearm), with special allegations.

Pursuant to a negotiated agreement, Appellant admitted to being an accessory after the fact in violation of Penal Code section 32. The juvenile court released Appellant into the custody of his mother in Contra Costa County, on various terms and conditions, including that Appellant stay out of Alameda County unless with a parent or guardian. The matter was transferred from Alameda County to Contra Costa County.

At the May 2021 dispositional hearing, the juvenile court declared Appellant a ward of the court. The court placed Appellant at the Orin Allen Youth Rehabilitation Facility for six months, followed by a 180-day ranch aftercare period. The court also imposed a number of probation conditions to follow Appellant's release, including the challenged prohibition on being in Alameda County unless with a parent or guardian.

This appeal followed.

## DISCUSSION

Appellant contends the juvenile court's probation condition number 25, that he "stay out of Alameda County unless with a parent/guardian" is unconstitutionally overbroad. We modify the condition and affirm.

The juvenile court has broad discretion to impose probation conditions "that it may determine fitting and proper to the end that justice may be done

2

and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Nevertheless, "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, at p. 890.)[1]

Appellant argues the challenged probation condition infringes his constitutional right to intrastate travel. (*People v. Moran* (2016) 1 Cal.5th 398, 405–406.) The decision in *In re Antonio R.* (2000) 78 Cal.App.4th 937, is instructive. There, a juvenile court probation order required the minor, who lived in Orange County, "to stay out of Los Angeles County unless accompanied by a parent or with prior permission from the probation officer." (*Id.* at p. 939.) The court of appeal affirmed the order, noting the minor's involvement in "extensive and recent criminal conduct in Los Angeles County." (*Id.* at p. 941.) The court reasoned, "We acknowledge that Los Angeles County is a large place. There is much that [the minor] may be prevented from doing that does not relate to potential criminality. . . . But we have confidence that any reasonable request to travel within Los Angeles County will be honored by his parents or the probation officer, and this safety valve saves the condition. In essence, the minor may not travel 'extra-locally' without his parents' cooperation or his probation officer's assent. This does no more than reaffirm the traditional parental prerogative. The condition is thus consistent with the rehabilitative purpose of probation and constitutional parental authority. [The minor's] constitutional rights have

---

[1] We reject respondent's contention that the claim was forfeited because Appellant did not object below. Appellant's claim presents a pure question of law not requiring reference to the sentencing record. (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 888–889.)

not been *impermissibly* burdened." (*Id.* at p. 942; cf. *In re Daniel R.* (2006) 144 Cal.App.4th 1, 8 [condition unconstitutional where it prohibited any travel to Mexico, even with the permission of the probation officer and if the minor was accompanied by his parents].)

Appellant contends the probation condition in the present case is overbroad "because the *only* entry authorized by the condition is when [A]ppellant is accompanied by a parent or guardian. [Citations.] There is no exception made for incidental entry into Alameda County, i.e., while en route to a different location not in that county, nor for any other travel that might be authorized by a probation officer." We agree the probation condition contains an insufficient "safety valve" (*In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 942) to the extent it fails to permit travel authorized by a probation officer. There is no need to prohibit a trip so authorized, and that was a critical aspect of the probation condition approved in *Antonio R.* Appellant's ability to travel should not depend entirely upon the availability of a parent or guardian to accompany him. We will modify the probation condition accordingly.

On the other hand, we reject Appellant's argument that an exception for incidental entry into Alameda County is necessary for the condition to be constitutional. If Appellant *must* travel through Alameda County, he may do so with a parent or guardian or with the permission of a probation officer. The juvenile court could reasonably conclude that a general exception for incidental travel through the county would create too much of an opportunity for mischief by providing an easy excuse for Appellant to be present in the county and would make it more difficult to prove a violation.

We also reject Appellant's contention that the challenged condition is "merely redundant of other conditions." The conditions Appellant

4

references—informing the probation department of change of residence, setting a curfew, prohibiting the possession of drugs and deadly weapons, prohibiting Appellant from associating with disapproved persons, and requiring him to stay away from the location of the underlying crime—all attempt to monitor Appellant's conduct and discourage criminality through various means. None, however, in any way prohibits Appellant from traveling to Alameda County, which the juvenile court found appropriate to Appellant's rehabilitation. And Appellant does not argue the juvenile court abused its discretion in making that finding. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121.)

## DISPOSITION

Probation condition number 25 is modified to read as follows: "Minor is ordered to stay out of Alameda County, unless with a parent/guardian or unless with permission from a probation officer." As modified, the juvenile court's order is affirmed.

_____
SIMONS, Acting P.J.

We concur.


_____
BURNS, J.


_____
WISEMAN, J.*


(A162652)

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.